688 F.2d 324
 Willie Mae BYRD, individually and as administratrix of the
estate of Lawrence Byrd, deceased,
Plaintiff-Appellant Cross-Appellee,
v.
HEINRICH SCHMIDT REEDEREI, a foreign corporation,
Defendant-Appellee Cross- Appellant.
 No. 78-3064.
 United States Court of Appeals,
Fifth Circuit.*
 Sept. 22, 1982.
 
 Joel D. Eaton, Walter H. Beckham, Jr., Miami, Fla., Roger Vaughan, Wagner, Cunning, Vaughan & Genders, Tampa, Fla., for plaintiff-appellant cross-appellee.
 Fowler, White, Gillen, Boggs, Villareal & Banker, Nathaniel G. W. Pieper, Dewey R. Villareal Jr., Tampa, Fla., for defendant-appellee cross-appellant.
 Appeals from the United States District Court for the Middle District of Florida.
 ON REHEARING EN BANC
 Before GODBOLD, Chief Judge, BROWN, CHARLES CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, Jr., HENDERSON, REAVLEY, POLITZ, HATCHETT, ANDERSON, RANDALL, TATE, SAM D. JOHNSON, THOMAS A. CLARK and WILLIAMS, Circuit Judges.**
 JOHN R. BROWN, Circuit Judge:
 
 
 1
 Willie Mae Byrd was the plaintiff in a third party action for the wrongful death of her husband, Lawrence Byrd, arising under the LHWCA, 33 U.S.C. §§ 901 et seq., and general maritime law. Mr. Byrd was killed when 3,000 pounds of cardboard cartons fell from the hold of a ship owned by the defendant, Heinrich Schmidt Reederei, and crushed his chest. At trial, the District Court denied Byrd's motion for directed verdict on the issue of contributory negligence, and also prohibited her from introducing testimony on inflation.[1] The jury returned a verdict for $125,000, but found Mr. Byrd 50% contributorily negligent and reduced the award to $62,500. A panel of this Court, 638 F.2d 1300, reversed the District Court's denial of a motion for directed verdict and ordered the trial court to enter judgment for Byrd in the full amount of the damages assessed. The trial court also rejected the issue of whether future inflation may be considered by the jury when assessing an award of future damages on the basis of this Court's decision in Johnson v. Penrod Drilling Co., 510 F.2d 234 (5th Cir. 1975) (en banc). In an opinion issued concurrently with the present opinion, Culver v. Slater, 688 F.2d 280 (5th Cir. 1982) this Court held that, under certain guidelines, evidence of wage increases due to inflationary trends may be introduced at trials in this Circuit. Therefore, we remand this case for a new trial on Byrd's damages, in accordance with the principles of Culver, unreduced by any percentage for the contributory negligence of Mr. Byrd.
 
 
 2
 Several arguments raised by the defendant in this case merit discussion. The defendant argues that this Court may not properly reach the inflation issue because Byrd did not introduce or proffer evidence upon which inflation could be considered.[2] Given that Byrd was prohibited at trial from introducing testimony upon future inflationary trends, and in light of the instruction that the jury was not to consider inflation in determining future damages, both limitations created by Penrod, we need not closely examine either the probative weight of the evidence presented on inflation or the subsequent absence of a detailed recitation of reasons underlying Byrd's objection to the jury instructions. See F.R.Civ.P. 51. In cross-examining the defendant's investment expert, Byrd attempted to ask questions about the effect of inflation rates on the bond market. The District Court, on the basis of Penrod, sustained the objections to that line of questioning. At that time, counsel for Byrd tried, to no avail, either to distinguish Penrod or to explain that doubts have arisen in the Circuit with regard to evidence on inflation. The court granted a recess, and the following discussion took place between counsel for Byrd and the trial judge:
 
 
 3
 THE COURT: ... What you started ... to pursue was the effect of inflation on the market generally. And at that point I sustained the objection, and would-and would and do sustain the objection.
 
 
 4
 COUNSEL: Alright, sir. Your Honor, I wish to proffer for the record some information ... because to, in effect, require this person to reduce their investment for the future but not let them take into consideration the increase in value, the loss of the borrowing, the loss of the purchasing power of the dollar, is in effect to give a double reduction.
 
 
 5
 The reason this money-the reason that a person pays these dollars for a thousand dollar bond has to do with inflation. And to let that go in to reduce this person's recovery because they believe they will be able to get this amount of money in the future, in effect, causes a double reduction. Because at the end of 2007 that one thousand dollars she gets back will be worth five hundred dollars.
 
 
 6
 (COUNSEL FOR DEFENDANT: But hasn't that been laid to rest in Penrod?)
 
 
 7
 THE COURT: I understand-and he does, too-in the en banc decision of the Fifth Circuit.
 
 
 8
 COUNSEL: Well, let me proffer in the presence of the witness and ask if this is correct before the jury physically comes in the door. I believe that may be sufficient, Your Honor.
 
 
 9
 I believe the witness has told me that the current U.S. Government estimated rate of inflation is six and a half to seven percent for the coming year, that his company's estimated rate of inflation is seven and a half percent; that the lowest rate he, himself, has ever heard of in the past is between three and a half or four percent.... and that in his opinion, based upon reading and other knowledge in the field, he believes the best that people can hope for in the future is a five percent rate of inflation.... We would proffer all that in evidence as indicating the minimum amount of rate of inflation that the plaintiffs should be entitled to, regardless, and we would take three and a half percent if that were proper.
 
 
 10
 THE COURT: Well, the proffer is in the record. It's not in evidence.
 
 
 11
 Reading the trial transcript, we are convinced that counsel for Byrd was attempting to create a record to challenge or at least find an exception to Penrod. Byrd's later objection to the instruction that the jury should not employ an estimated rate of inflation to increase damages must be viewed in the context of Penrod 's shackles. While it is true that counsel for Byrd did not offer a lengthy explanation for his objection to the instruction, we find that the matter was sufficiently presented to the judge at trial and that all parties understood the dilemma-Byrd wanted the jury to consider inflation, and Penrod stood in the way. See Culver, supra. In short, we find that Byrd's objection to the jury charge is properly before this Court under F.R.Civ.P. 51.
 
 
 12
 REVERSED AND REMANDED.
 
 TJOFLAT, Circuit Judge, concurring:
 
 13
 Although I agree with the majority that the time has now arrived for reconsideration of Johnson v. Penrod Drilling Company, 510 F.2d 234 (5th Cir. 1975), I write separately to make clear that the majority opinion should be read as doing nothing more than overruling Penrod 's flat proscription of competent, otherwise admissible evidence on inflation. Henceforth, the Federal Rules of Evidence alone will govern the admissibility of such evidence, and render appropriate a jury instruction on inflation commensurate with the evidence presented.
 
 I.
 
 14
 Appellees are justified in pointing out that neither the Pre-trial Stipulation, Record, vol. 1, at 13, nor the Pre-trial Order, Record, vol. 1, at 14, gives any indication that the plaintiffs sought to raise the inflation issue at trial. Indeed, plaintiffs rested their case without an offer of proof on inflation, which clearly would have been the most appropriate way to preserve the Penrod question for appeal. Although appellants did not do all that they should have done to preserve the inflation issue, their proffer was sufficient to satisfy the Federal Rules of Evidence. See Fed.R.Evid. 103(a) (2). The proffer made during the cross-examination of the defendant's investment expert, Gerald Powers, was probably sufficient to establish a groundwork for appeal, although it should not be considered as a guide for the district courts.
 
 
 15
 On cross-examination, plaintiffs' counsel asked Powers: "Are you familiar with the general rates of inflation as predicted by the Federal Government?" Record, vol. 7, at 172. The court sustained the defendant's general objection. After an extended colloquy on whether the defendant had "opened the door" to inflation questions on cross-examination by putting the issue before the jury on direct, the court ruled that he had not, and then sustained the objection to further inflation inquiry on Penrod grounds. It should be emphasized that at no time did the defendant make a specific objection to the line of questioning, or the subsequent proffer, as improper because they were beyond the scope of the direct examination. Contrary to the claim in the Supplemental Brief of Defendant on Rehearing En Banc at 7, the record shows that counsel's argumentation went exclusively to whether defendant had opened the door to questioning otherwise clearly barred by the Penrod rule of exclusion. Similarly, the record demonstrates that the court excluded such evidence solely on Penrod grounds, without any consideration of the potential objection that plaintiffs had rested their case and could not now delve into these matters. Record, vol. 7, at 172, 179, 181.
 
 
 16
 At that point, plaintiffs' counsel made a speaking proffer, in the presence of the witness, as to the rationale for including inflation in a damages award and various estimated rates of inflation. See Record, vol. 7, at 179-80, 182-83; Majority Opinion at 326. Defendant did not object contemporaneously to the adequacy of the proffer and did not challenge the qualifications of the expert to give this testimony. Nor did he seek re-direct examination on this offer of proof or offer any rebuttal of the witness' "testimony" or its probative value. Thus, all these potential objections to plaintiffs' offer of proof must be considered to have been waived. See Fed.R.Evid. 103(a)(2). We agree, therefore, with the majority that counsel for plaintiffs did succeed in creating a record to "challenge or at least find an exception to Penrod," Majority Opinion at 326, although their effort to do so was tardy.II.
 
 
 17
 I emphasize the limited nature of the court's holding today: evidence concerning the impact of inflation on recoveries of lost future wages will be admitted insofar as it conforms to the Federal Rules of Evidence, and a jury instruction on inflation will be appropriate if a predicate of competent, relevant and otherwise admissible evidence has been established. As the Ninth Circuit Court of Appeals has written, "(W)e allow the trier of fact in awarding damages to take into account only such estimates of future changes in the purchasing power of money as are based on sound and substantiated economic evidence, and as can be postulated with some reliability." United States v. English, 521 F.2d 63, 75-76 (1975).
 
 
 18
 Specifically, the trial court should ensure that the expert testimony concerning inflation meets the requirement of Fed.R.Evid. 702:
 
 
 19
 If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
 
 
 20
 Once rule 702 has been satisfied, the trial court should also exercise sound discretion to ensure compliance with Fed.R.Evid. 403:
 
 
 21
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury....
 
 
 22
 This rule is particularly important with a complex issue such as inflation, where confusing expert testimony might well hinder rather than assist the trier of fact. The application of these evidentiary filters is critical if today's holding is to enhance the accuracy of damages awards in this circuit.
 
 
 23
 JAMES C. HILL, Circuit Judge, with whom R. LANIER ANDERSON, III, Circuit Judge, joins, dissenting:
 
 
 24
 For the reasons set forth in my opinion in Culver v. Slater, 688 F.2d 280 (5th Cir. 1982) (en banc), issued this date, I dissent from so much of the court's decision as authorizes a procedure other than that used in Feldman v. Allegheny Airlines, Inc., 382 F.Supp. 1271 (D.Conn.1974), aff'd in relevant part, 524 F.2d 384 (2d Cir. 1975).
 
 
 25
 For the reasons set forth in their dissenting opinions in 79-3985, Culver v. Slater, Judges CHARLES CLARK, joined by RONEY, GEE and FRANK M. JOHNSON, Jr., also dissent.
 
 
 
 *
 Former Fifth Circuit case, Section 9(1) of Public Law 96-452-October 14, 1980
 
 
 **
 Judge Garza participated in the panel opinion and in the en banc hearing but took senior status on July 7, 1982 and is no longer qualified to participate in the en banc decision
 Judges Garwood, Jolly and Higginbotham joined the Court after submission and oral argument but do not choose to participate.
 
 
 [1]
 This case was consolidated and argued with Culver v. Slater Boat Co., 688 F.2d 280 (5th Cir. 1982), and the present opinion was issued concurrently with that in Culver
 
 
 [2]
 A question is also raised whether evidence of sufficient probative value was presented for the jury on the issue of inflation. Moreover, the defendant argues that Byrd neither requested any instruction on inflation nor explained in detail her objection to the Court's charge which stated that the jury could not use estimated rates of inflation to increase future earnings