**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-20593
(Summary Calendar)

---

In the Matter of: THE GINTHER TRUSTS, A Texas Joint Venture,

Debtor,

------------------------

FERGUS M. GINTHER; ADRIANA N. GINTHER,

Appellants,

versus

THE GINTHER TRUSTS, A Texas Joint Venture; REDSTONE EL DORADO ACQUISITION, L.P.,

Appellees,

- - - - - - - - - -
Appeal from the United States District
Court for the Southern District of Texas

- - - - - - - - - -
January 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

Appellants Fergus and Adriana Ginther contend that the District Court erred in dismissing as moot their appeal of the bankruptcy court's authorization of the sale of the undivided interest of the Ginther Trusts, a Texas joint venture ("the Venture"), in the El Dorado Ranch

("the Ranch") to Redstone El Dorado Acquisition, L.P. ("Redstone"). The Venture owned, in the aggregate, approximately 51% of the undivided interest in the Ranch, a real estate development in Texas, and joined all other owners of fractional interests in selling the Ranch to Redstone. As the Venture was then a debtor in bankruptcy, it did not sell its fractional interest in the Ranch until after it obtained authorization from the bankruptcy court pursuant to 11 U.S.C. § 363(b). Appellants contended in bankruptcy court that the sale should not have been authorized because, inter alia, the Venture lacked standing to become a debtor in bankruptcy. Appellants also asserted —— for the first time on appeal to the district court —— that Redstone was not a good faith purchaser. Because, however, (1) the sale was authorized by the bankruptcy court, and (2) Appellants were unable to obtain a stay of the sale, we affirm the district court's dismissal of this appeal as moot.

## I. *Facts and Proceedings*

In the 1950s, Noble C. and Minnie Lee Ginther, husband and wife, acquired the Ranch, a 2033 acre tract of Texas real property. Thereafter, it was developed into the El Dorado Ranch and El Dorado Country Club. They sold fractional interests in the Ranch, retaining approximately 51 percent in undivided ownership.

In the mid-1980s, the Ginthers ("grantors") created the Ginther Revocable Trust, a revocable inter vivos trust, to which they transferred their interest in the Ranch. The trust agreement provided

2

that, on the death of the first grantor to die, the trustee would divide the assets of the trust into two separate shares, not necessarily equal in value, one share to hold the property of the surviving grantor, the other share to hold the property of the deceased grantor.

In accordance with that provision of the trust agreement, on the death of Noble C. Ginther in 1989, the trust's 51 percent interest in the Ranch was divided into two separate shares: The decedent's undivided 24.7 percent interest went into the Noble C. Ginther Grantor Trust and the survivor's undivided 26.7 percent interest went to the Minnie Lee Ginther Grantor Trust. These trust shares — actually sub trusts — were then placed under the fiduciary control of the Advent Trust Company, as successor trustee of the two grantor trusts that resulted (collectively the "Ginther Trusts").

In 1998, the Venture, referring to itself as a Texas joint venture, voluntarily filed for relief under Chapter 11 of the bankruptcy code. In response to a challenge mounted by a number of creditors to the Venture's standing to file for bankruptcy, the bankruptcy court found that the Venture constituted a de facto joint venture under Texas law, that it owned a fractional interest of some 51% to 53% in the Ranch, and that it did have standing as a debtor in bankruptcy court.

The Venture and the other owners of the Ranch entered into an agreement to sell the Ranch to Redstone, subject to the Venture's obtaining the bankruptcy court's approval of the sale of its interest. Appellants challenged the Venture's record title to the Ranch and attempted to block the sale. They did not, however, challenge

3

Redstone's status as a good faith purchaser until they appealed to the district court.

The bankruptcy court proceeded to approve the Venture's sale of its interest in the Ranch to Redstone as good faith purchaser. Appellants appealed that decision to the district court and then to us, and they sought a stay of the sale pending each appeal. Like the bankruptcy court, however, the district court — and ultimately this court — refused to grant a stay, and the sale of the Ranch to Redstone was consummated.

Despite their failure to obtain a stay of the sale, Appellants prosecuted their appeal of the bankruptcy court's authorization of the sale to the district court, which dismissed their appeal as moot because the sale had already been closed. That dismissal is now before us on appeal.

## II. *Analysis*

### A. Standard of Review

We review <u>de</u> <u>novo</u> the district court's dismissal of an appeal from the bankruptcy court as moot.[1]

### B. Failure to Obtain a Stay

After the bankruptcy court authorized the sale of the Venture's interest in the Ranch to Redstone pursuant to 11 U.S.C. § 363(b), Appellants were unsuccessful in their attempts to obtain a stay of the sale, and it closed. 11 U.S.C. § 363(m) provides that a bankruptcy

---

[1] <u>In re GWI PCS 1 Inc.</u>, 230 F.3d 788, 800 (5th Cir. 2000).

4

court's authorization of the sale of property under 11 U.S.C. § 363(b) "to an entity that purchased. . .such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal" cannot be reversed or modified.[2]

Appellants contended, for the first time on appeal to the district court, that Redstone was not a good faith purchaser of the Ranch, making § 363(m) inapplicable. As Redstone's status as a good faith purchaser was not challenged in the bankruptcy court, however, we need not address this issue. "It is well established that we do not consider arguments or claims not presented to the bankruptcy court."[3] We nevertheless note in passing that our thorough review of the record, Appellants' arguments, and the bankruptcy court's well-reasoned opinion, convinces us that if we were to address the good faith purchaser issue we would likely agree with the bankruptcy court's determination that Redstone was a good faith purchaser as a matter of law.

C. Subject Matter Jurisdiction

Appellants also challenge the subject matter jurisdiction of the bankruptcy court by urging that the Venture was not a debtor with standing in bankruptcy court. This contention is irrelevant to the

---

[2] 11 U.S.C. § 363(m) (West 2000).

[3] Gilchrist v. Westcott, (In Matter of Gilchrist), 891 F.2d 559, 561 (5th Cir. 1990) (citing Moody v. Empire Life Ins. Co. (In re Moody), 849 F.2d 902, 905 (5th Cir.), cert. denied, 488 U.S. 967 (1988)).

instant inquiry, however.  In In re Gilchrist,[4] we adopted the Seventh

Circuit's interpretation of § 363(m) that a failure to obtain a stay is

fatal to a challenge of a bankruptcy court's authorization of the sale

of property, notwithstanding any questions as to that court's

jurisdiction.  As the Seventh Circuit had earlier held in In re Sax,[5]

> [t]he appellants raise the jurisdictional argument as if it
> somehow negates or excuses their failure to obtain a stay.
> It does not.  This appeal is moot because [the appellants]
> failed to obtain a stay, so we cannot reach the question of
> whether the bankruptcy court had jurisdiction to order and
> approve the sale. . . .The bankruptcy court made the
> determination that it had jurisdiction; an issue which it had
> jurisdiction to decide. . . .That decision stands unless it
> is appealed properly. . . .Despite the maxim that 'subject
> matter jurisdiction can be raised at any time,' valid
> procedural rules cannot be ignored just because the
> jurisdictional decision is being challenged rather than the
> decision on the merits.[6]

Moreover, we are persuaded, as was the bankruptcy court, that the

Venture's resulting co-ownerships following the division of the original

trust on the death of the first settlor to die is a de facto joint

venture under Tex. Civ. Code Ann. § 6132b.  Such joint ventures are

clearly "persons" entitled to be debtors in bankruptcy court.[7]

### III. *Conclusion*

Because Appellants failed to obtain a stay of the sale of the

Venture's interest in the Ranch to Redstone, the district court

---

[4] 891 F.2d 559 (5th Cir. 1990).

[5] 796 F.2d 994 (7th Cir. 1986).

[6] Id. at 561 (quoting In re Sax, 796 F.2d at 998).

[7] 11 U.S.C. § 109(b) (West 2000).

6

correctly dismissed Appellants' appeal as moot.  The decision of the district court is therefore

AFFIRMED.