United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 18, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 03-10421

_____

In the Matter of: JOHN ROBERDEAU; ROBERT GEISLER;
STAGE FRIGHT, LLC; GEISLER ROBERDEAU INC.

Debtors

BRIARPATCH LIMITED LP; GERARD F. RUBIN,

Appellants,

VERSUS

SCOTT M. SEIDEL, Trustee; JOHN ROBERDEAU, ROBERT GEISLER,

Appellees

consolidated with

_____

No. 03-10475

_____

In the Matter of: JOHN ROBERDEAU; ROBERT GEISLER;
STAGE FRIGHT, LLC; GEISLER ROBERDEAU INC.

Debtors

GERALD F. RUBIN; BRIARPATCH LIMITED LP,

Appellants,

VERSUS

SCOTT M. SEIDELL, Chapter 7 Trustee; JOHN ROBERDEAU, ROBERT GEISLER,

Appellees

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
3:01-CV-1971-L

1

Before DAVIS, WIENER and STEWART, Circuit Judges.

PER CURIAM:[1]

These two consolidated appeals arise from the bankruptcy of John Roberdeau, Robert Geisler, Stage Fright, LLC, and Geisler Roberdeau Inc. (the "Debtors"), and are one part of a mass of litigation between the parties.

In Case No. 03-10421, Appellant challenges the bankruptcy court's sale of estate property at auction to the Debtors. However, an appeal of a sale by the bankruptcy court does not affect the validity of a sale in good faith unless the authorization and sale were stayed pending appeal. 11 U.S.C. § 363(m). The Appellants failed to obtain a stay. We accept the bankruptcy court's implicit finding of good faith on the part of the Debtors made in its bench ruling of June 13, 2001. Accordingly, this appeal is dismissed as moot. See Ginther v. Ginther Trusts (In re Ginther Trusts), 238 F.3d 686 (5th Cir. 2001); In re Gilchrist, 891 F.2d 559 (5th Cir. 1990).

In Case No. 03-10475, Appellant challenges the abandonment to the Debtors by the Trustee of certain causes of action of the Debtors. The Appellants failed to timely appeal the Abandonment Order or timely request an extension of the deadline to appeal, electing rather to file a Motion to Vacate the Abandonment Order which the bankruptcy court denied and the district court affirmed. We review the bankruptcy court's decision on the Motion to Vacate for abuse of discretion. In this case of intentional abandonment by the Trustee, the bankruptcy court correctly concluded that the abandonment was final upon entry of its order and that it had no authority to grant relief related to that property. See Collier on Bankruptcy, § 554.02[3]. The

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

district court correctly affirmed the bankruptcy court as the bankruptcy court did not abuse its discretion in abandoning the causes of action to the Debtors or in refusing to revisit that decision in response to the Motion to Vacate.

Case No. 03-10421 - APPEAL DISMISSED.

Case No. 03-10475 - AFFIRMED.