# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00712-CV

**William Walter Pyle, Jr., Appellant**

**v.**

**First National Bank of Cameron, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT NO. 28,368, HONORABLE DON B. MORGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this case, William Walter Pyle, Jr. (Pyle) seeks reversal of the district court's grant of summary judgment in favor of First National Bank of Cameron (the Bank). On appeal, Pyle contends that the district court erred in granting the Bank's second motion for summary judgment because the Bank did not address his constructive trust and conversion claims, the Bank recovered attorney's fees that it is not entitled to, and that he is entitled to the money that the Bank received in attorney's fees. We hold that Pyle's claims are moot and dismiss the appeal. *See General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990) (explaining that cause will be dismissed when appeal is moot).

## BACKGROUND

This case comes in the wake of a lengthy history of litigation through which Pyle sought to avoid the Bank's collection on an unpaid debt. Prior to filing this case, Pyle argued before the district court on five different occasions, brought two appeals before this Court, and instituted Chapter 11 proceedings in bankruptcy court. One case was removed from state court to the bankruptcy court, only to be remanded with explicit findings of fact and conclusions of law that Pyle's claim was barred by res judicata. Additionally, the district court heard a suit between Pyle and his three adult children. Including the current suit, Pyle has been before the district court, the bankruptcy court, and this Court on eleven different occasions. Each of these cases hinges on the same nucleus of facts, and each involves Pyle's attempts to avoid a 1991 judgment. Having lost at every turn, Pyle now brings his current claim, which is based upon his misinterpretation of a 1997 judgment.

In 1991, the Bank sued Pyle in district court on several unpaid loans and obtained a $164,465 judgment. Immediately following the judgment, Pyle transferred his interest in 1,419 acres of land to PYCO, a joint venture whose sole members were Pyle and his three adult children. The purpose of the transfer was, as Pyle admitted, to save his property from seizure by the Bank.

In October 1997, the district court set aside the transfer of the property as null and void *as to the Bank.* The district court upheld the Bank's right to execute on the property to satisfy its 1991 judgment, plus interest. The district court also awarded the Bank $158,000 in attorney's fees. Pyle, PYCO, and Pyle's three adult children were held jointly and severally liable for the judgment. Pyle appealed. Pyle also filed for bankruptcy on behalf of PYCO, and in March 1998,

PYCO was placed under Chapter 11 bankruptcy protection and the Bank was prevented from foreclosing on the land to collect its judgment. In the bankruptcy proceeding, PYCO, acting through Pyle, filed Schedules and Statement of Financial Affairs, signed under penalty of perjury, claiming title to and ownership of all property that had been the subject of the 1997 fraudulent conveyance litigation.

The bankruptcy trustee applied to sell the property to Thomas J. Holmes, Sr. in July 1998. In September 1998, the bankruptcy court approved the trustee's application. The Bank consented to the sale, requesting that its liens and interests in the property be paid from the proceeds at closing. Pyle and his attorney were both given notice of the motion to sell, and the bankruptcy court found that notice of the hearing on the motion to approve the sale was given to all parties, Pyle included. Pyle did not file any objections to the sale and no one appealed. In October 1998, the land was sold to Holmes free of all liens, claims, and other interests. The sale of PYCO's land was final; the proceeds were disbursed, and in November 1998, the Bank was paid the full amount of the 1997 judgment, including $158,000 in attorney's fees, for which Pyle, PYCO, and Pyle's children were held jointly and severally liable.[1]

Pyle's appeal of the fraudulent transfer was abated during the bankruptcy proceeding. In April 2000, this Court issued its opinion upholding the 1997 judgment declaring the transfer of the property fraudulent as to the Bank. *Pyle v. First National Bank*, No. 03-98-00008-CV, 2000 Tex.

---

[1] In an agreed final judgment entered by the district court in August 1999, the assets of PYCO were allocated according to the following percentages: each of the three Pyle children received 33 1/3%, Pyle received 0%.

3

App. LEXIS 2559, at *6 (Tex. App.—Austin April 20, 2000, no pet.) (not designated for publication) (*Pyle I*). However, we found no statutory basis for the award of attorney's fees. *Id.* This ruling came almost two years after the bankruptcy trustee had paid the judgment, including the attorney's fees, to the Bank. It is this transaction that Pyle seeks to rectify in the suit now before us.

In December 2000, Pyle brought a trespass to try title suit in district court against the Holmes estate, alleging that Pyle, not PYCO, was the true owner of the property, and that the bankruptcy trustee sold property that did not belong to the bankruptcy estate. Pyle asserted that under the 1997 fraudulent transfer decision, title to the property reverted to him. The estate removed the case to the bankruptcy court. The bankruptcy court remanded to the district court, explaining that even if the properties had been sold without authority, the "decision is now indisputably final and cannot be challenged at this late date. [Pyle] had the opportunity to be heard on the trustee's motion to sell, and could have appealed the sale order, but chose not to." *Pyle v. Holmes*, No. 03-03-00380-CV, 2004 Tex. App. LEXIS 5782, at *4-5 (Tex. App.—Austin July 1, 2004, no pet.) (not designated for publication) (*Pyle II*) (summarizing bankruptcy court's remand order). The bankruptcy court concluded that Pyle "cannot now attack [the sale] collaterally—even on jurisdictional grounds." *Id*. The district court granted the estate's motion for summary judgment. Pyle again appealed, and we explained that the 1997 fraudulent transfer meant that the defrauded creditor, the Bank, could execute on the property to satisfy its judgment; it did *not* mean that ownership of the property reverted to Pyle. *Id*. at *7-9. The transfer was fraudulent only as to the Bank, and the property was part of PYCO's bankruptcy estate properly sold by the trustee. *Id*. Pyle retained no interest in the property, nor did he have any interest in the proceeds of the property disbursed to the Bank. *Id.*

4

In his original petition in the current suit, *Pyle III*, Pyle alleged that the Bank owes him a refund of the $158,000 in attorney's fees disallowed by this Court in *Pyle I* in 2000, but paid to the Bank by the bankruptcy trustee in 1998 out of the proceeds of the sale. His claim is predicated on the assertion that, following the fraudulent transfer, the property reverted to Pyle and thus he retained an interest in the proceeds of the bankruptcy sale. The Bank filed a motion for summary judgment, which was denied. Pyle then filed his first amended petition to assert a claim for unjust enrichment. The Bank filed a second motion for summary judgment, asserting that Pyle's claims are barred by res judicata. Pyle responded by filing a second amended petition alleging conversion and constructive trust. The district court granted the Bank's second motion for summary judgment. Pyle now brings this appeal.

## STANDARD OF REVIEW

A motion for summary judgment is properly granted only when the movant establishes that there are no genuine issues of material fact to be decided, and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a (c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). A defendant seeking summary judgment must negate as a matter of law at least one element of each of the plaintiff's causes of action or plead and conclusively establish as a matter of law an affirmative defense. *Centeq Realty v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Holmstrom*, 26 S.W.3d at 530. We make every reasonable inference, resolve all doubts, and view the evidence in the light most favorable to the non-movant. *Centeq Realty*, 899 S.W.2d at 197; *Holmstrom*, 26 S.W.3d at 530.

5

**DISCUSSION**

On appeal, Pyle contends that the district court erred in granting the Bank's second motion for summary judgment because: (1) the Bank did not amend the motion to address the constructive trust and conversion claims; (2) the Bank recovered attorney's fees that it is not entitled to; and (3) Pyle is entitled to some or all of the attorney's fees the Bank received. However, Pyle's claims are moot because he has no right to, or interest in, the property or the proceeds of the bankruptcy trustee's sale of that property. *See Board of Adjustment v. Wende*, 92 S.W.3d 424, 427 (Tex. 2002) (holding that case becomes moot if party lacks legally cognizable interest in outcome). Furthermore, as the bankruptcy court held in its remand order cited in *Pyle II*, a collateral attack on the sale of the property or the distribution of the proceeds cannot be made at this time. *See In re Ginther Trusts*, 238 F.3d 686, 688-89 (5th Cir. 2001).

Although Pyle's brief purports to accept our decision in *Pyle II*, the underlying premise of his current claim is his incorrect assertion that the district court's 1997 decision reinvested him with title to the property. As we held in *Pyle II*, the 1997 judgment made the transfer null and void as to the Bank, but did not return the property to Pyle. *Pyle II*, 2004 Tex. App. LEXIS 5782, at *7-9; *see also John Hancock Mut. Life Ins. Co. v. Morse*, 124 S.W.2d 330, 333 (Tex. 1939); *Stevens v. Cobern*, 213 S.W. 925, 926 (Tex. 1919). The property was transferred to PYCO, subject to the claims of the Bank as creditor. *See Cobern*, 213 S.W. at 926. Pyle retained no ownership rights in the property or the proceeds of the sale. *Pyle II*, 2004 Tex. App. LEXIS 5782, at *7-9.

Furthermore, the 1997 judgment held Pyle, PYCO, and Pyle's three children jointly and severally liable. In 1998, prior to the bankruptcy sale, PYCO, the three Pyle children, and the

6

Bank agreed to a settlement that released all outstanding controversies between them. When PYCO and the Pyle children agreed to pay the judgment, including the attorney's fees, out of the proceeds of the bankruptcy sale, the debt on which they and Pyle were jointly and severally liable was satisfied as to all of them. Thus, PYCO and the children dismissed their appeal in *Pyle I*. Any matters involving the Bank and PYCO's assets, including the sale and distribution of the proceeds of PYCO's property were closed.

As we held in *Pyle II*, Pyle retained no interest in the property sold by the bankruptcy court, and hence had no interest, apart from his interest in PYCO, in the proceeds of that sale.[2] Therefore, when PYCO and the Pyle children paid the judgment, including the attorney's fees, out of the proceeds of the sale, Pyle's liability for the judgment was satisfied without Pyle himself making a payment. Accordingly, Pyle has no legally cognizable claim against the Bank for a refund of money that he never paid. His claims are moot.

Furthermore, Pyle cannot now collaterally attack the bankruptcy court's sale and distribution of proceeds. *See* 11 U.S.C § 363(m) (West 2004). A bankruptcy court's authorization of a sale of property to a good faith purchaser cannot be reversed or modified unless the authorization and sale are stayed pending the appeal. *Id.*; *see In re Ginther Trusts*, 238 F.3d at 688-89; *In re Gilchrist*, 891 F.2d. 559, 561 (5th Cir. 1990). As explained in *Ginther* and *Gilchrist*, an appeal attacking the validity of a bankruptcy sale, where there was a failure to obtain a stay, will be dismissed as moot. *See In re Ginther Trusts*, 238 F.3d at 688-89; *In re Gilchrist*, 891 F.2d at 561.

---

[2] As noted earlier in note 1, Pyle lost all of his interest PYCO in August 1999.

In asking for a refund of money paid to the Bank out of the proceeds of the bankruptcy trustee's sale of the property, Pyle is indirectly attacking the validity of the sale. Pyle never objected to the sale or the distribution of the proceeds and did not attempt to obtain a stay. The sale, including the distribution of the proceeds, is "indisputably final." *Pyle II*, 2004 Tex. App. LEXIS 5782, at *4-5; *see also In re Ginther Trusts*, 238 F.3d at 688-89. On this additional ground, Pyle's claims are moot.

## CONCLUSION

We hold that Pyle's claims are moot and dismiss this appeal.

_____    _____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Dismissed as Moot

Filed:   July 7, 2005