SUMMARY ORDER
Appellants, pro se, appeal from the May 30, 2006 judgment of the United States District Court for the Southern District of New York (Marrero, J.) granting DebtorsAppellees’ motion to dismiss, and the June 16, 2006 order of the district court denying' Appellants’ motion for reconsideration. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
This Court exercises plenary review over the decisions of the district court and bankruptcy court in bankruptcy matters. We review conclusions of law de novo and findings of fact for clear error. See Superintendent of Ins. v. Ochs (In re First Cent. Fin. Carp.), 377 F.3d 209, 212 (2d Cir. 2004). In this case, the district court did not review the propriety of the order entered by the bankruptcy court. Rather, the district court made independent factual findings with respect to the substantial consummation of the reorganization plan and applied those findings in considering whether Appellants had met their legal burden to rebut the presumption of mootness resulting from the substantial consummation. Therefore, we review the district court’s factual findings for clear error and its legal conclusions de novo. See id.
*53 The issue on appeal, whether the district court properly dismissed Appellants’ appeal from a bankruptcy court order as moot, has been waived because it was not briefed by Appellants in their opening brief. See Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998) (“Issues not sufficiently raised in the briefs are considered waived and normally will not be addressed on appeal.”); see also Joseph v. Leavitt, 465 F.3d 87, 93-94 (2d Cir.2006). Appellants’ one-page brief does not identify the issue or provide any legal arguments in support of the claim. In any event, a review of the record reveals that the district court properly concluded that Appellants’ appeal was moot. See In re Chateaugay Corp., 94 F.3d 772, 776 (2d Cir.1996) (“[w]hen a plan of reorganization has been substantially consummated, an appeal is presumed moot”).
A district court’s denial of a party’s motion to alter or amend a judgment under Federal Rule of Civil Procedure Rule 59(e) is reviewed for abuse of discretion. See Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir.2004). District courts may alter or amend a judgment pursuant to Rule 59(e) “to correct a clear error of law or prevent manifest injustice.” Id. at 105. A review of the record reveals that the district court did not abuse its discretion in denying Appellants’ motion for reconsideration.
Therefore, we hereby AFFIRM the order and the judgment of the district court.