IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-20350

In The Matter Of: BEACH DEVELOPMENT LP

Debtor

-------------------------------------------------------------------------------------------------------------

ROBERT M HYTKEN; HYTKEN'S A PARTNERSHIP; KENT B HYTKEN

Appellants

v.

CHAPTER 11 TRUSTEE RANDY W WILLIAMS; MARISA GAYNE;
SOURCEONE CAPITAL GROUP, LP; RAMPART RESOLUTION GROUP
LLC; WILLIAM B CARROLL

Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-2169

Before REAVLEY, JOLLY, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Robert and Kent Hytken and Hytken's A Partnership (the "Hytken
parties") appeal the district court's order dismissing their appeal of the

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

bankruptcy court's confirmation of the sale of certain assets of the bankruptcy estate and its denial of their motion for a new trial. The district court dismissed the appeal, holding that it is moot under 11 U.S.C. § 363(m) and, in the alternative, that the bankruptcy court did not err in affirming the sale or denying the Hytken parties' motion. We AFFIRM the district court's judgment dismissing the appeal.

I.

The bankruptcy court authorized the sale of the debtor's causes of action against SourceOne Capital Group, L.P., for wrongful foreclosure arising out of the foreclosure of seven tracts of land owned by the debtor, Beach Development, L.P. Rampart Resolution Group, L.L.C., an affiliate of SourceOne, purchased the causes of action at an auction conducted by the bankruptcy trustee, Randy Williams. Rampart was the sole bidder, bidding $301,000 at the auction and, immediately before confirmation of the sale, raising its bid to $360,000.[1] The bankruptcy court approved the sale, finding that the trustee and Rampart had acted in good faith in the conduct of the auction and sale. No stay was sought pending appeal. The bankruptcy court denied the Hytken parties' emergency motion for a new trial, for rehearing, to set aside the order of sale and for sanctions, which alleged that the sale was not conducted in good faith.

The Hytken parties appealed to the district court, which held that the bankruptcy court's finding of good faith was not clearly erroneous. Because there was no stay of the sale or authorization of the sale, the district court dismissed the appeal as moot under 11 U.S.C. § 363(m). The district court held, in the alternative, that the bankruptcy court did not err in approving the sale of

---

[1] In an earlier auction, a partnership controlled by Hytken bid $350,000 for the causes of action, but failed to close, requiring a second auction to be held. The second auction is the subject of this appeal.

the claims against SourceOne or in denying the Hytken parties' motion for a new trial.

The Hytken parties appealed to this court.

## II.

The Hytken parties contend that their appeal is not moot and that the bankruptcy court erred in confirming the sale because it was not conducted in good faith.

## III.

In reviewing cases originating in bankruptcy, we perform the same function as the district court: the bankruptcy court's findings of fact are reviewed for clear error, and issues of law are reviewed de novo. In re Soileau, 488 F.3d 302, 305 (5th Cir. 2007). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). We review de novo a district court's dismissal of an appeal from the bankruptcy court as moot. In re Ginther Trusts, 238 F.3d 686, 688 (5th Cir. 2001).

## A.

We adopt the reasoning expressed in the district court's memorandum opinion and hold that this appeal is moot under 11 U.S.C. § 363(m). Section 363(m) provides that

> the reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith . . . unless such authorization and such sale or lease were stayed pending appeal.

We have held that § 363(m) "patently protects, from later modification on appeal, an authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal." In re Gilchrist, 891 F.2d 559, 560 (5th Cir. 1990).

It is uncontested that the sale was not stayed pending appeal. Nor have the Hytken parties demonstrated that the bankruptcy court's finding of good faith was clearly erroneous. The Bankruptcy Code does not define "good faith" for the purposes of § 363(m). We have stated that an appropriate characterization of good faith in a bankruptcy sale is a lack of "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." In re Bleaufontaine, Inc., 634 F.2d 1383, 1388 n.7 (5th Cir. 1981) (quoting In re Rock Indus. Mach. Corp., 572 F.2d 1195, 1198 (7th Cir. 1978)). The Hytken parties contend that Rampart increased its bid in a secret agreement with a receiver appointed in state court litigation between Kent Hytken and his ex-wife, Marisa Gayne. The Hytken parties contend that Rampart increased its bid in order to sabotage a proposed settlement between the Hytken parties, the state court receiver, the bankruptcy trustee, and Gayne. Even if this allegation had been proved, there is still no proof of fraud or collusion between Rampart and the trustee, that any fraudulent conduct attended the sale of the claims, or that unfair advantage was taken of any other bidder.[2]

The Hytken parties argue that a sale does not render the case moot under § 363(m) if relief is sought that does not affect the validity of the sale. See Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc., 141 F.3d 490, 499 (3d Cir. 1998) (holding that, contrary to the majority rule, an appeal is only moot under § 363(m) when "the court, if reversing or modifying the authorization to sell or lease, would be affecting the validity of such a sale or lease."). Even if this were

---

[2] The Hytken parties failed to qualify as bidders in the auction under procedures established by the bankruptcy court. Rampart was the sole bidder.

the rule in this Circuit, the Hytken parties' appeal would nevertheless be moot because the remedies they seek affect the validity of the sale by requiring this court to either reverse the authorization of the sale or declare it invalid.

The Hytken parties also make a number of arguments for the first time on appeal to this court. This court typically does not consider arguments not raised in the district court, except in exceptional circumstances. See, e.g., In re Bradley, 501 F.3d 421, 433 (5th Cir. 2007). However, even if these arguments were not waived, they are without merit.

First, the Hytken parties contend that § 363(m) does not apply to sales that have taken place before authorization by the bankruptcy court. But the sale procedures prescribed by the bankruptcy court here provide that the sale at issue would not close until the day of the hearing to confirm it.

Second, they contend for the first time that § 363(m) is an unconstitutional grant of judicial power to bankruptcy judges to the extent that it forecloses judicial review through mootness. This contention has no basis because judicial review is not foreclosed by § 363(m). If a stay is obtained, a sale may be invalidated on appeal.

Third, the Hytken parties argue that the bankruptcy court erred by waiving the 10-day stays provided by Federal Bankruptcy Rules of Procedure 6004(g)[3] and 7062.[4] Rule 6004(g) provides a 10-day stay unless the bankruptcy court orders otherwise. The Hytken parties have not shown that the bankruptcy court here abused its discretion in waiving the stay. Rule 7062 applies to judgments in adversary proceedings. A proceeding to obtain approval of a sale

---

[3] Rule 6004(g) provides: "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise."

[4] Rule 7062 provides that Federal Rule of Civil Procedure 62 applies in adversary proceedings. Rule 62 provides in part that "no execution may issue on a judgment . . .until 10 days have passed after its entry."

of property of the estate under 11 U.S.C. § 363(b) is not an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001; therefore, Rule 7062 is inapplicable.

B.

The Hytken parties also challenge the district court's alternative holding that the bankruptcy court did not err in authorizing the sale or in denying their motion for a new trial or for rehearing. They contend that the bankruptcy court's finding of good faith in the conduct of the sale was clearly erroneous.

For the reasons discussed above and in the district court's order, the bankruptcy court's finding of good faith is fully supported by the record and is not clearly erroneous. The Hytken parties have demonstrated no grounds for error in the bankruptcy court's denial of their motion for a new trial or for rehearing.

IV.

For the foregoing reasons, the district court's judgment dismissing the appeal is

AFFIRMED.