# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20655

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2018

Lyle W. Cayce
Clerk

In the matter of: RICHARD DAVIS,

     Debtor

PHILIPPE TANGUY; 13,500 AIR EXPRESS, L.L.C.; 13,500 AIR EXPRESS, L.P.; PTRE HOLDINGS, L.P.,

     Appellants

v.

WILLIAM G. WEST,

     Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-615

Before KING, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

     Philippe Tanguy, 13,500 Air Express, L.L.C., 13,500 Air Express, L.P., and PTRE Holdings, L.P. (collectively, "Appellants") appeal the order of the United States Bankruptcy Court for the Southern District of Texas authorizing the trustee sale of real property, ultimately executed by Trustee-Appellee

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20655

William West.   Because Appellants have abandoned their challenge to the district court's opinion and, alternatively, Appellants' claims are moot, we AFFIRM.

## I. Background

On February 1, 2017, Trustee-Appellee William West filed a motion in federal bankruptcy court under 11 U.S.C. § 363(f) to sell the property at issue to Croix Custom Homes ("Croix"), which he had recovered in collecting a judgment against Appellants.   Appellants objected, and West responded with an emergency motion to strike the objection because, he argued, Appellants' attorney had stated that Appellants would not object to the sale of the property at the status conference.

The bankruptcy judge held a combined hearing on the emergency motion to strike and the underlying motion to sell.   First, the bankruptcy judge struck Appellants' objection and estopped them from opposing the sale "based on the representation made on the record at the 1-24-2017 hearing by counsel for [Appellants] . . . that his clients 'don't object to them filing a Motion to sell and we will not object to the sale.'"   Second, the bankruptcy judge granted West's motion to sell, effective immediately, which allowed West to immediately sell the property.   Appellants did not seek a stay of the sale pending appeal. Although bids were permitted for the property other than Croix's original bid, none were received.  West subsequently sold the property to Croix on February 17, 2017.   Appellants filed their notice of appeal of the order of sale to the district court on February 23, 2017.

West filed a motion to dismiss in the district court, arguing that 11 U.S.C. § 363(m) rendered Appellants' appeal moot.[1]  He argued that, because

---

[1] Section 363(m) does not expressly cross-reference § 363(f), the subsection relevant here.  That being said, any question as to whether § 363(m) applies to a determination under § 363(f) has not been briefed by the parties on appeal and is abandoned.  *See Gen. Elec.*

No. 17-20655

Appellants had not requested a stay, § 363(m) removed jurisdiction from the district court on appeal by mooting any of Appellants' requests that would negate the sale of the property.  Appellants then filed both an initial brief and an objection to the motion to dismiss, primarily arguing that the federal bankruptcy court did not have jurisdiction to order the property's sale. They argued that the State had receivership over the property, and therefore, that the state court had exclusive jurisdiction under the *Rooker-Feldman* doctrine.[2] They noted that a different federal bankruptcy judge in the same bankruptcy case had earlier abstained from ordering the sale of the property and argued that that bankruptcy judge's decision was res judicata in the action here.[3]  The district court granted West's motion to dismiss Appellants' appeal as moot. Appellants timely appealed.

---

*Capital Corp. v. Acosta* (*In re Acosta*), 406 F.3d 367, 374–75 (5th Cir. 2005) (noting that any argument not made in their initial briefing by the parties on appeal is abandoned), *overruled on other grounds as recognized by Husky Int'l Elecs., Inc. v. Ritz* (*In re Ritz*), 832 F.3d 560, 565 n.3 (5th Cir. 2016).  In any case, the general consensus is that § 363(m) applies to determinations under § 363(f).  *See* James Lockhart, *Construction and Application of 11 U.S.C.A. § 363(m), Protecting Good Faith Purchaser Under Bankruptcy Code—Issues Other Than Status as "Good Faith Purchaser,"* 48 A.L.R. Fed. 2d 83, § 4 (2010) (collecting cases). *But see Clear Channel Outdoor, Inc. v. Knupfer* (*In re PW, LLC*), 391 B.R. 25, 37 (B.A.P. 9th Cir. 2008) (declining to apply § 363(m) to a sale free and clear of a lien under § 363(f)).  This makes sense, as, first, both § 363(m) and § 363(f) cross-reference the same other subsections, 11 U.S.C. § 363(b) and (c), and second, § 363(f) applies "when the challenged provision is 'integral to the sale' of the debtor's assets," which is clearly the case here under § 363(f).  *See Newco Energy v. Energytec, Inc.* (*In re Energytec, Inc.*), 739 F.3d 215, 220 (5th Cir. 2013) (quoting *Official Comm. of Unsecured Creditors v. Trism, Inc.* (*In re Trism, Inc.*)*,* 328 F.3d 1003, 1007 (8th Cir. 2003)).

[2] The doctrine is so named in reference to the Supreme Court cases *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

[3]  Judge Letitia Paul was the original bankruptcy judge on this case, and the minutes on July 21, 2016, reflect: "the Court permissively abstains from consideration of the instant motion."  Judge Jeff Bohm, to whom the case was transferred, entered the February 2017 order in question on appeal.

No. 17-20655

## II.  Discussion

The only determination made by the district court in this case was that this case was moot under § 363(m).[4]  West argues that Appellants have abandoned any argument contesting the district court's finding of mootness because they did not address it in their initial briefing.  "An assertion that a ruling is being appealed, in the absence of any argument in the body of the brief supporting the appeal, does not preserve the issue on appeal." *Gen. Elec. Capital Corp. v. Acosta* (*In re Acosta*), 406 F.3d 367, 374–75 (5th Cir. 2005), *overruled on other grounds as recognized by Husky Int'l Elecs., Inc. v. Ritz* (*In re Ritz*), 832 F.3d 560, 565 n.3 (5th Cir. 2016).  This principle applies in full force to a district court's determination that an appeal from a bankruptcy court decision is moot.  *See Black v. Shor* (*In re BNP Petroleum Corp.*), 642 F. App'x 429, 434 (5th Cir. 2016) (per curiam);[5] *accord Loral Stockholders Protective Comm. v. Loral Space & Commc'ns Ltd.* (*In re Loral Space & Commc'ns Ltd.*)*,* 266 F. App'x 52, 53 (2d Cir. 2008).

Here, Appellants do not cite to § 363(m) at all in their opening brief.  However, they argue that their opening brief implicitly challenged the good faith of Croix in purchasing the property, which is a consideration in determining if § 363(m) applies, and therefore, did preserve the argument for appeal.  *See* § 363(m) ("The reversal or modification on appeal of an authorization [of a trustee's] sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in *good faith* . . . ." (emphasis added)).  We have

---

[4] The district court had jurisdiction over an appeal from the final decision of a bankruptcy judge under 28 U.S.C. § 158(a).  We have jurisdiction under 28 U.S.C. § 1291 from the final judgment of a United States district court.

[5] Although an unpublished opinion issued by this court after January 1, 1996 is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

previously suggested that good faith is a separate argument from § 363(m), such that arguing good faith alone would not preserve an argument that a case was not moot under § 363(m). *See In re BNP Petroleum*, 642 F. App'x at 434 (determining that the mootness argument under § 363(m) was abandoned, despite the fact that good faith was briefed, and separately analyzing the good faith argument). However, even if arguing good faith would preserve a § 363(m) mootness determination for appeal, Appellants did not argue good faith in their opening brief. Their citation to the opening brief contains an argument that West and his counsel acted without good faith regarding disclosure to the bankruptcy court of the pending state court action. That inquiry is not relevant to the good faith of a *purchaser* under § 363(m). We cannot find anywhere in the record where Appellants specifically argued that Croix did not act in good faith prior to their reply brief on appeal.

Based upon this analysis, Appellants have abandoned their argument that the district court's case is not moot. Furthermore, even if the argument had not been abandoned, we would still affirm the district court's determination that Appellants' claims are moot.[6]

Section 363(m) states, as relevant here:

> The reversal or modification on appeal of an authorization [of a trustee's] sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

In other words, "[§] 363(m) patently protects, from later modification on appeal,

---

[6] "We review *de novo* the district court's dismissal of an appeal from the bankruptcy court as moot." *Ginther v. Ginther Trs.* (*In re Ginther Trs.*), 238 F.3d 686, 688 (5th Cir. 2001) (per curiam).

an authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal." *Gilchrist v. Westcott* (*In re Gilchrist*), 891 F.2d 559, 560 (5th Cir. 1990). This means, absent a lack of good faith, any appeal brought by a debtor is moot following sale of the property when there was no stay pending appeal. *Id.* This is true even if the debtor argues that the bankruptcy court did not have jurisdiction to authorize the sale. *Id.* at 560–61; *see also Ginther v. Ginther Trs.* (*In re Ginther Trs.*), 238 F.3d 686, 689 (5th Cir. 2001) (per curiam).

Here, Appellants do not contest the fact that in the bankruptcy court, they did not request, and were not granted, a stay pending appeal. They also do not contest that the property at issue was sold prior to their appeal of the bankruptcy court's determination. Therefore, unless there is evidence that Croix bought the property without good faith, Appellants' claims are moot.

"The proponent of 'good faith' bears the burden of proof" as to whether it acted in good faith. *O'Dwyer v. O'Dwyer* (*In re O'Dwyer*), 611 F. App'x 195, 200 (5th Cir. 2015) (per curiam) (quoting *TMT Procurement Corp. v. Vantage Drilling Co.* (*In re TMT Procurement Corp.*), 764 F.3d 512, 520 (5th Cir. 2014) (per curiam)). However, naturally, good faith must be in question prior to a party being required to prove good faith. Importantly, "[a] party may not challenge a purchaser's good faith status under § 363(m) for the first time on appeal." *Id.*; *see also Schum v. Zwirn Special Opportunities Fund LP* (*In re The Watch Ltd.*), 257 F. App'x 748, 750 (5th Cir. 2007) (per curiam) (citing *In re Gilchrist*, 891 F.3d at 561, and *In re Ginther Trs.*, 238 F.3d at 688–89). In other words, we do not consider arguments related to the good faith of a purchaser that were not raised before the bankruptcy court. *See Gilchrist*, 891 F.2d at 561 ("It is well established that we do not consider arguments or claims not presented to the bankruptcy court."); *accord In re Ginther Trs.*, 238 F.3d at 689.

Again, Appellants have the problem that there is no indication that they challenged Croix's good faith status at any point prior to their reply brief on appeal. Appellants note only that they made arguments in their district court briefing and opening brief on appeal that West and his counsel did not make certain disclosures to the bankruptcy court. Although Appellants concede that they did not address good faith in the bankruptcy court, they argue that they could not do so because the bankruptcy court held that they were estopped from opposing the sale "based on the representation made on the record at the 1-24-2017 hearing by counsel for [Appellants] . . . that his clients 'don't object to them filing a Motion to sell and we will not object to the sale.'"

That being said, Appellants were not barred from making the argument *at all*. Appellants filed a (later stricken) brief with the bankruptcy court on the question of the bankruptcy court's jurisdiction, along with an objection to the West's motion to strike, neither of which contested Croix's good faith. The bankruptcy judge determined that Appellants were estopped from opposing the sale during an oral hearing, at which time Appellants did not make a motion to proffer additional evidence related to good faith. *See Byrd v. Heinrich Schmidt Reederei*, 688 F.2d 324, 325–27 (5th Cir. 1982) (en banc) (indicating that requesting to proffer evidence following a sustained objection preserves the issue for appeal), *trial court judgment reversed on other grounds after reh'g sub nom., Culver v. Slater Boat Co.*, 722 F.2d 114 (5th Cir. 1983) (en banc). Appellants did not file any further motions or request leave to file subsequent briefing following the bankruptcy court's decision to estop them from contesting the sale. The point is that Appellants had an opportunity to create a record on this issue, and they failed to do so. Thus, there is no reason in this situation to depart from our general principle that arguments need to be made before the bankruptcy court to be heard on appeal. Thus, Appellants' claims are moot.

7

No. 17-20655

AFFIRMED.