In the Matter of Thomas Robert GILCHRIST, Debtor.

Thomas Robert GILCHRIST, Appellant,

v.

Carl H. WESTCOTT, Appellee.

No. 89–1808
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1990.

Thomas Robert Gilchrist, pro se.

J. Robert Beatty, Dallas, Tex., for appellee.

Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The plaintiff, Thomas Gilchrist, appeals from the district court's dismissal, as moot, of his appeal from the bankruptcy court's order denying his motion for new trial.

We adopt the analysis of the district court and, concluding that the appeal to district court indeed was moot, we affirm the judgment of dismissal.

## I.

The facts and course of proceedings are properly set forth in the district court's order filed July 31, 1989. In summary, the bankruptcy court had entered an order approving the sale of certain assets to defendant Carl Westcott. Gilchrist failed properly to perfect an appeal from that order and did not obtain a stay pending appeal to the district court. Almost two years later, Gilchrist filed a motion for reconsideration under Fed.R.Civ.P. 60(b), requesting the bankruptcy court to set the order aside; that motion was denied. Gilchrist appealed to the district court from the denial of that motion.

## II.

### A.

The district court granted Westcott's motion to dismiss the appeal on the ground that it was moot, under 11 U.S.C. § 363(m), because of Gilchrist's failure to obtain a stay of the sale. That determination by the district court was correct. Section 363(m) patently protects, from later modification on appeal, an authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal. We have interpreted this section to moot an appeal in the absence of a stay. *See Bleaufontaine, Inc. v. Roland Int'l (In re Bleaufontaine, Inc.)*, 634 F.2d 1383, 1389–90 (5th Cir. Unit B Jan.1981).[1]

### B.

Gilchrist contends, however, that the plain rule of section 363(m), as interpreted by *Bleaufontaine*, should not apply here because, according to Gilchrist, the bankruptcy court lacked subject matter jurisdic-

---

**1.** *Accord In re Sax,* 796 F.2d 994, 997–98 (7th Cir.1986); *Hoese Corp. v. Vetter Corp. (In re Vetter Corp.),* 724 F.2d 52, 55–56 (7th Cir.1983); *Sulmeyer v. Karbach Enters. (In re Exennium, Inc.),* 715 F.2d 1401, 1403–04 (9th Cir.1983); *Cargill, Inc. v. Charter Int'l Oil Co. (In re The Charter Co.),* 829 F.2d 1054, 1056 (11th Cir. 1987), *cert. denied,* 485 U.S. 1014, 108 S.Ct. 1488, 99 L.Ed.2d 715 (1988).

tion to conduct the sale in question. Gilchrist avers that the bankruptcy court lost jurisdiction when that court *sua sponte* dismissed the case on the ground that there was no attorney to represent the corporate debtor. Westcott, on the other hand, argues that the order of dismissal was set aside, with the debtor's assent, pursuant to the subsequent order granting a motion for appointment of a trustee.

We need not resolve the question of whether the bankruptcy court lost jurisdiction—a matter which, we note, Gilchrist raised almost two years after the bankruptcy court approved the sale. We pretermit the jurisdictional question because Gilchrist failed properly to obtain a stay or to attack the validity of the sale for more than two years after that sale occurred.

This issue has been decided by another circuit court of appeals. In *In re Sax*, a creditor filed an appeal asserting that the bankruptcy court had lacked subject matter jurisdiction to conduct a sale. The court dismissed the appeal pursuant to section 363(m):

> The appellants raise the jurisdictional argument as if it somehow negates or excuses their failure to obtain a stay. It does not. This appeal is moot because [the appellants] failed to obtain a stay, so we cannot reach the question of whether the bankruptcy court had jurisdiction to order and approve the sale.... The bankruptcy court made the determination that it had jurisdiction; an issue which it had jurisdiction to decide.... That decision stands unless it is appealed properly.... Despite the maxim that 'subject matter jurisdiction can be raised at any time,' valid procedural rules cannot be ignored just because the jurisdictional decision is being challenged rather than the decision on the merits.

796 F.2d at 998.

We agree with the reasoning of the Seventh Circuit and adopt it as the rule in this circuit, in regard to section 363(m). Thus, Gilchrist's failure to obtain a stay is fatal to his position, regardless of whether there was jurisdiction; he forfeited the opportunity to contest jurisdiction and cannot be heard to complain at this late date.

### C.

■ Finally, Gilchrist asserts that Westcott lacked the good faith expressly required by section 363(m) in order for Westcott to avail himself of that section. However, Gilchrist never contested good faith in the bankruptcy court; he raised the issue for the first time in his appeal to the district court, but that court refused to consider an argument that was not raised at the appropriate stage in the proceeding.

The district court was correct, and we do likewise. It is well established that we do not consider arguments or claims not presented to the bankruptcy court. *Moody v. Empire Life Ins. Co. (In re Moody)*, 849 F.2d 902, 905 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 493, 102 L.Ed.2d 530 (1988).

### D.

■ Westcott has filed with this court a motion to dismiss the instant appeal on the ground that said appeal, like Gilchrist's appeal from the bankruptcy court to the district court, is moot under section 363(m). However, there is nothing moot about the appeal from the district court to this court: We are asked here to determine whether the district court was correct in dismissing, as moot, the appeal from the bankruptcy court. As we determine that the district court was correct in its order of dismissal, we DENY the motion to dismiss the appeal and AFFIRM the district court judgment.

So ordered.