**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

RASKIN RESOURCES, INC.

    Debtor.

PHYLLIS RASKIN; GREGORY A.
RASKIN; ROBERT H. RASKIN;
DEBORAH RASKIN; RASKIN
RESOURCES, INC.,

    Appellants,

v.

PATRICK J. MALLOY, III,

    Appellee.

No. 97-5217
(D.C. No. 96-CV-642)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Debtor, a corporation started and run by Howard Raskin, voluntarily filed for reorganization under chapter 11 of the United States Bankruptcy Code on January 12, 1993. Three years later, on the trustee's motion, the bankruptcy court converted the proceeding from a chapter 13 reorganization to a chapter 7 liquidation because debtor had been unable to come up with a plan for reorganization. Thereafter, the trustee filed a notice and motion to sell certain real property owned by debtor.

The bankruptcy court entered an order approving the sale, and, in response, debtor filed a motion to reconsider and moved for a stay of the sale. The shareholders of debtor, who were the wife and children of Howard Raskin, filed a motion for relief from the order approving the sale of the property and a motion to vacate the order converting the bankruptcy to a chapter 7 liquidation. The bankruptcy court stayed the sale, denied the motion to vacate the conversion, and set a supersedeas bond. The bankruptcy court order provided that the stay would be vacated if the bond was not posted on a specific date and time. The shareholders filed a notice of appeal from the bankruptcy court rulings and also

moved for modification of the order setting the bond.  The motion to reduce the bond was denied by a magistrate judge.  No bond was posted, the stay was automatically vacated pursuant to the order, and the sale was closed.

In their appeal to the district court, the shareholders argued that the bankruptcy court lacked jurisdiction to convert the proceeding to a chapter 7 liquidation because they were not properly notified of the motion to convert, and, therefore, the order approving the sale must be vacated.  They also argued that the purchaser was not a good faith purchaser, as required by 11 U.S.C. § 363(m).  The trustee maintained that § 363(m) prevented the district court from voiding the sale and, therefore, the appeal was moot.  The magistrate judge found that:  § 363(m) applied to the case before him; the shareholders received adequate notice of the pending sale, as evidenced by the motion for stay of the sale; the sale was not stayed pending the appeal; and, therefore, the appeal was moot because § 363(m) prevented the court from providing the relief requested.  The district court further found that the shareholders had waived their argument that the purchaser of the property was not a good faith purchaser because the argument was not listed in the Statement of Issues, as required by Bankr. R. 8006, and the issue was not inferable from those that were listed.

On appeal, Robert Raskin [1] argues that the conversion was accomplished in violation of the shareholders' due process rights because they were not notified of the conversion. We review the district and bankruptcy courts' legal conclusions de novo and the bankruptcy court's findings of fact for clear error. *See United States v. Craddock (In re Craddock),* 149 F.3d 1249, 1255 (10th Cir. 1998).

We agree with the district court that 11 U.S.C. § 363(m) applies to the sale of the property in this case. Because there was no stay of the order authorizing the sale in effect at the time the sale was closed, § 363(m) prevented the district court from providing the remedy sought, thereby mooting the appeal. *See, e.g., Tompkins v. Frey (In re Bel Air Assocs., Ltd.)*, 706 F.2d 301, 304-05 (10th Cir. 1983) (applying old Bankruptcy Rule 805, which mirrored the language of § 363(m)); *Anheuser-Busch, Inc. v. Miller (In re Stadium Management Corp.),* 895 F.2d 845, 847 (1st Cir. 1990); *United Mine Workers of America Combined Fund v. CF&I Fabricators of Utah, Inc. (In re CF&I Fabricators of Utah, Inc.)*, 169 B.R. 984, 991 (Bankr. D. Utah 1994) (discussing policies behind § 363(m)); *Mellon Bank, N.A. v. Delaware & Hudson Ry. (In re Delaware & Hudson Ry.)*, 129 B.R. 388, 394-95 (Bankr. D. Del. 1991). For the same reasons, the district

---

[1] The notice of appeal designated four Raskin family member shareholders and Raskin Resources, Inc. as appellants, but Robert Raskin was the only appellant who filed a brief pursuant to this court's order of January 12, 1999. Consequently, with respect to all appellants except Robert Raskin, we dismiss this appeal for failure to prosecute pursuant to 10th Cir. R. 42.1.

court was correct in finding that the appeal from the conversion of the bankruptcy proceeding to a chapter 7 liquidation was also moot, because the ultimate remedy sought was reversal of the sale of the property. *See In re Bel Air Assocs., Ltd.*, 706 F.2d at 305 n.10; *Gilchrist v. Westcott (In re Gilchrist)*, 891 F.2d 559, 561 (5th Cir. 1990); *In re Sax*, 796 F.2d 994, 998 (7th Cir. 1986). [2]

With respect to appellant Robert Raskin, we AFFIRM the district court's dismissal of the appeal from the bankruptcy court order as moot. As to all other appellants, we DISMISS the appeal for failure to prosecute. The appellee's motion to reconsider and objection to extension of time to file appellants' brief is DENIED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge

---

[2] Robert Raskin's pro se brief on appeal does not appear to raise the issue of the purchaser's good faith. To the extent, however, that Robert Raskin's brief can be construed as raising the issue, the district court acted within its discretion in finding that the issue of the purchaser's good faith was waived; neither the debtor nor the shareholders raised it before the trial court, which, in this case, was the bankruptcy court. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976) (holding that whether federal appellate court will consider issue not presented to the trial court is a matter of discretion).