IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50377
Summary Calendar
_____

IN THE MATTER OF: Walter Alexander Copenhaver,

Debtor.

_____

WALTER ALEXANDER COPENHAVER,

Appellant,

versus

SOURCE ONE MORTGAGE SERVICES CORPORATION,
Its Successors and/or Assigns,

Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. EP: 98-CA-502-F

_____

April 12, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Walter Copenhaver has appealed the district court's dismissal of his petition for Chapter 13 bankruptcy protection. Both parties have also filed a series of motions. We dispose of all outstanding motions herein and affirm the district court.

I

Copenhaver filed for Chapter 13 bankruptcy in July 1998. Source One Mortgage Services Corporation then filed a motion for

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief from automatic stay in order to foreclose on Copenhaver's residence. After a hearing, the bankruptcy court granted relief to Source One on September 30, allowing the foreclosure to proceed. On October 30, Copenhaver filed a notice of appeal with the bankruptcy court, which dismissed his bankruptcy case on the same day. Copenhaver immediately sought to enjoin the foreclosure sale, but the bankruptcy court did not rule on that motion until after the sale on November 3, 1998. On November 13, Copenhaver filed a motion seeking a fifteen-day continuance to file his designation of issues on appeal. But on December 1, the bankruptcy court denied this motion, ruling that the original notice of appeal had been untimely. In the same order, the bankruptcy court denied Copenhaver's request for an injunction because the case had been dismissed, eliminating the bankruptcy court's jurisdiction. Source One later asked the district court to dismiss Copenhaver's appeal as untimely and moot, which the district court did on March 15, 1999.

## II

We first address the various motions before us.

First, appellant's motion to relieve Attorney June Ann Mann is DENIED.

Second, appellant's motion to strike the appearance form of June Ann Mann is DENIED.

Third, appellant's motion to strike appellee's brief is DENIED.

Fourth, appellant's motion to strike appellee's response/opposition filed December 30, 1999, is DENIED.

Fifth, appellant's motion to supplement the record on appeal with a copy of the bankruptcy court docket sheet is DENIED.

Sixth, appellant's motion to file supplemental record excerpts is DENIED.

Seventh, appellant's motion for summary judgment is DENIED.

Eighth, appellant's motion to relieve Attorneys June Mann and Peter Curran for failure to enter a timely appearance is DENIED.

Ninth, appellant's motion that Source One Mortgage Corporation not be allowed any prosecution or action entered by June Mann or Peter Curran is DENIED.

Tenth, appellee's motion to strike appellant's improper captions is GRANTED.

Eleventh, appellee's motion to strike all of appellant's pleadings containing improper captions is DENIED.

## III

Copenhaver challenges the district court's dismissal of his appeal for untimeliness under Fed. R. Bankr. P. 8002(a). That rule requires filing of the notice of appeal within ten days of the date of entry of the judgment, order, or decree appealed from. Copenhaver waited thirty days. Copenhaver now asserts that his notice of appeal was timely because the United States is a party, and that for that reason, Fed. R. App. P. 4(a)'s extension of the deadline to sixty days governs. But the United States is not a

3

party here.  Although Copenhaver has included the Federal Home Loan Mortgage Corporation ("Freddie Mac") in the caption in recent filings, this entity was not involved in the suit from the beginning, and Copenhaver has not served Freddie Mac with his brief in this appeal.  Rule 8002(a), therefore, applies, making Copenhaver's notice of appeal untimely.  The failure to file a timely notice of appeal deprives the district court of jurisdiction[1] to consider the appeal, and this court therefore lacks jurisdiction over the merits.  In re Don Vicente Macias, Inc., 168 F.3d 209, 210 (5th Cir. 1999), cert. denied, 68 USLW 3178 (U.S. Nov. 8, 1999)(No. 99-458).[2]

IV

For the reasons stated herein, the district court's decision is

A F F I R M E D.

_____

[1]Copenhaver has challenged the district court's jurisdiction over his appeal because of improper venue.  This is irrelevant, because we have already held that the district court lacked jurisdiction based on Copenhaver's failure to file a timely notice of appeal.

[2]Moreover, any appeal at this point is moot because Copenhaver failed to obtain a stay before the sale of his property.  See Gilchrist v. Wescott, 891 F.2d 559, 560 (5th Cir. 1990)(an appeal after sale of property in absence of a stay is moot).

4