IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2007

Charles R. Fulbruge III
Clerk

No. 06-11367

In The Matter Of: THE WATCH LTD; DFW RADIO LICENSE, LLC

Debtors

----------------------------------------

DAVID A SCHUM

Appellant

v.

ZWIRN SPECIAL OPPORTUNITIES FUND LP; THE WATCH LTD;
DFW RADIO INC; RENAISSANCE RADIO, INC; RADIO CAFÉ LLC;
UNSECURED CREDITORS COMMITTEE; NORTH DALLAS BANK &
TRUST CO

Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-391

No. 06-11367

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Schum appeals, pro se, the district court's dismissing, for lack of standing, his appeal from the bankruptcy court's final sale-approval order. DISMISSED.

I.

In a prior, but related, bankruptcy proceeding, Renaissance Radio, Inc. (RRI) was placed in involuntary Chapter 7 bankruptcy, later converted to a Chapter 11 proceeding. The bankruptcy court's plan of reorganization called for the creation of, and the transfer of RRI's assets to, The Watch, Ltd. (The Watch). Pursuant to a loan agreement, The Watch created a wholly owned subsidiary, DFW Radio License, LLC (DRL), for the purpose of holding FCC licenses used to operate radio stations now owned by The Watch.

The Watch and DRL (debtors) soon initiated a jointly administered bankruptcy proceeding of their own. A bankruptcy trustee was appointed, and the debtors requested authority to auction off their assets. At auction, the $9 million bid by D.B. Zwirn Special Opportunities Fund, L.P. (Zwirn) was the highest. The bankruptcy court conducted a sale hearing and entered an order approving the sale of all the assets of the debtors to Zwirn. Schum, whose claims are discussed infra, made no objection at the proceedings leading up to, or at the hearing approving, the sale.

Schum appealed that order to district court. In its district court response brief, Zwirn maintained: Schum is not a "party aggrieved" and lacks standing; and Schum's failure to obtain a stay pending appeal rendered the appeal moot. In his reply brief in that court, Schum asserted, for the first time, that Zwirn

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

was not a good-faith purchaser. The district court, addressing only standing, recognized Schum's alleged status as equity holder, but did not address his assertion that he was also an unsecured creditor, such status assertions being described infra. The court held: Schum was not a "person aggrieved" because he "was not directly and adversely affected by the order of the bankruptcy court".

## II.

Schum maintains he is the manager of DRL, and asserts, without support in the record, he is the majority owner of the two limited partners of The Watch and sole owner of its general partner. Schum also maintains, and the record reflects, he is an unsecured creditor in the amount of $1,829.61. Schum's briefs do not address Zwirn's contention both in district court and here that this appeal is moot.

## A.

The Bankruptcy Act of 1898 originally limited standing to appeal a bankruptcy case to "persons aggrieved" by an order of the referee. See 11 U.S.C. § 67(c) (1976). Although the 1978 amendments to the Bankruptcy Code repealed this language, this and other circuits have continued to apply this test for bankruptcy standing. See, e.g., In re Coho Energy Inc., 395 F.3d 198, 202 (5th Cir. 2004); Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc., 32 F.3d 205, 210 n.18 (5th Cir. 1994) ("Although the applicable statute has since been repealed, bankruptcy courts still limit appellate standing to those 'aggrieved.'") (citations omitted).

"The 'person aggrieved' test is an even more exacting standard than traditional constitutional standing." Coho, 395 F.3d at 202 (citation omitted). It requires an appellant show he was "directly and adversely affected pecuniarily by the order of the bankruptcy court". Id. at 203 (citation and internal quotation marks omitted). An "indirect financial stake" in another's claims is insufficient for standing; rather, the "injury or threat of injury must be both real and

immediate". Rohm, 32 F.3d at 208 (citation and internal quotation marks omitted). Conjectural or hypothetical injuries do not support standing. Id. (citations omitted). Because each decision by a bankruptcy court might affect, indirectly, a number of parties, the "person aggrieved" standard prevents any party with some interest in the proceedings from tying up the bankruptcy estate in prolonged litigation.

Toward this end, other circuits require attendance and objection at bankruptcy court proceedings as prerequisites to appellate standing under the "person aggrieved" test. See, e.g., In re Weston, 18 F.3d 860, 864 (10th Cir. 1994); In re Schultz Mfg. Fabricating Co., 956 F.2d 686, 690 (7th Cir. 1992); In re Commercial W. Fin. Corp., 761 F.2d 1329, 1334-35 (9th Cir. 1985). But see In re Urban Broad. Corp., 401 F.3d 236, 243-44 (4th Cir. 2005). This requirement recognizes the need for economy and efficiency and limits the class of persons having standing to appeal bankruptcy decisions. Richard B. Levin, Bankruptcy Appeals, 58 N.C. L. REV. 967, 978 (1980).

As noted, Schum made no objections in bankruptcy court to the proceedings leading up to, or at the hearing approving, the sale of debtors' assets. Moreover, it is not clear Schum attended the sale-approval hearing. Although an attorney representing two companies owned by Schum appeared, no objection was made. Indeed, the record is devoid of any party objecting to the sale of debtors' assets to Zwirn. The first filing indicating objection to the order is Schum's notice of appeal filed with the bankruptcy court.

Even were we to adopt the cogent reasoning employed by the majority of circuits addressing this issue–that Schum must have attended and objected at the bankruptcy proceeding in order to have standing to appeal–he would still be required to establish he is a "person aggrieved"; that is, he was directly and adversely affected, and his injury is more than merely speculative. See Coho, 395 F.3d at 203. This is unlikely based on this record because whether Schum

will recover on his $1,829.61 unsecured claim is highly speculative, to say the least. In any event, we need not decide this standing issue because, as discussed infra, this appeal is moot.

B.

The Bankruptcy Code, 11 U.S.C. § 363(m), protects authorized sales "where the purchaser acted in good faith and the sale was not stayed pending appeal". In re Gilchrist, 891 F.2d 559, 560 (5th Cir. 1990) (emphasis added). Failure to obtain a stay renders a subsequent appeal of that order moot. Id. (citations omitted); see also In re Bleaufontaine, Inc., 634 F.2d 1383, 1389-90 (5th Cir. Unit B Jan. 1981). Although this court has indicated a challenge to whether the purchaser was a "good-faith" purchaser is not made moot by a subsequent sale, it is well established such a challenge may not be raised for the first time on appeal to the district court. See, e.g., In re The Ginther Trusts, 238 F.3d 686, 688-89 (5th Cir. 2001); Gilchrist, 891 F.2d at 651. This court does "not consider arguments or claims not presented to the bankruptcy court". Gilchrist, 891 F.2d at 561 (citing In re Moody, 849 F.2d 902, 905 (5th Cir. 1988)).

As noted, in district court, Zwirn maintained Schum's failure to obtain a stay pending appeal rendered the appeal moot; and, in response, Schum, for the first time, challenged Zwirn's status as a good-faith purchaser. Again, we may not consider arguments not raised in bankruptcy court. See id. (Consistent with his failure to do so in that court, Schum does not raise good-faith-purchaser status in his opening brief here. Moreover, although Zwirn asserts mootness in its response brief, Schum does not even respond regarding mootness in his reply brief, much less assert the not-good-faith-purchaser defense to mootness. Obviously, that defense involves both fact and law. Although this court liberally construes pro se litigants' briefs, as well as decides jurisdiction sua sponte if not raised by the parties, it does not raise defenses of the type involved here, most especially fact-bound defenses, on behalf of a party, and certainly cannot do so

when that party failed to raise that defense in bankruptcy court.  See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); Gilchrist, 891 F.2d at 561.)

Therefore, because Schum raised good faith for the first time in his appeal to district court (not to mention abandoning it here), we will not consider it.  This appeal is moot.

### III.

For the foregoing reasons, this appeal is DISMISSED.