REVISED October 28, 2008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2008

Charles R. Fulbruge III
Clerk

No. 08-10121
Summary Calendar

_____

In The Matter Of: THE WATCH LTD; DFW RADIO LICENSE LLC

Debtors

_____

DAVID A. SCHUM; CAROL D. KRATVILLE; FRANK D. TIMMONS

Appellants

v.

D. B. ZWIRN SPECIAL OPPORTUNITIES FUND LP; DFW RADIO INC;
RENAISSANCE RADIO INC; RADIO CAFÉ LLC; UNSECURED
CREDITORS COMMITTEE

Appellees

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-cv-00563-N

_____

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

David A. Schum, Carol D. Kratville, and Frank D. Timmons (collectively, "Schum") appeal, pro se, the district court's order of January 3, 2008, denying motions for leave to supplement the record on appeal and for reconsideration of the district court's order dismissing as moot Schum's appeal of the bankruptcy court order compelling execution of documents related to a sale of assets of the debtor. Appellee D.B. Zwirn Special Opportunities Fun, L.P., ("Zwirn") responds that the district court ruling is correct and that this appeal is moot. For the reasons set forth below, this appeal is moot, and we DISMISS.[1]

## I. BACKGROUND

This is the Court's second occasion to address an appeal from this bankruptcy proceeding.[2]

On May 26, 2005, The Watch, Ltd., and DFW Radio Licence, LLC (the "Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code. A public auction of the Debtors' assets under 11 U.S.C. § 363 was held on October 13, 2005, after which Zwirn, the secured creditor, was named as the successful bidder with a credit bid of $9 million.

On December 28, 2005, after a hearing on the merits, the bankruptcy court entered an order approving the sale of the Debtors' assets to Zwirn (the "Sale Approval Order"). No stay pending appeal was obtained, and the sale went forward.[3]

---

[1] Zwirn also filed a motion to dismiss this appeal as moot. Because it is clear from the briefing that the appeal is moot, we need not address the motion separately.

[2] See In re The Watch, 257 F. App'x. 748 (5th Cir. 2007) (unpublished).

[3] Schum eventually sought a stay of the Sale Approval Order from the district court in March 2007, more than 14 months after the Sale Approval Order was issued. The district court denied the stay.

On January 9, 2006, Schum, pro se, appealed the Sale Approval Order to the district court. After briefing by the parties, the district court entered an order on July 6, 2006, dismissing the appeal of the Sale Approval Order due to lack of standing by Schum.

Schum then appealed the Sale Approval Order to this Court. Without reaching the standing issue, we dismissed that appeal as moot because the appellant had not obtained a stay pending appeal. The sale had been consummated to a good-faith purchaser and was protected under 11 U.S.C. § 363(m).[4] In re The Watch Ltd., 257 F. Appx. at 748.

Because Schum refused to execute documents to effectuate the closing of the sale of the assets during the months following entry of the Sale Approval Order, the bankruptcy court then entered a series of orders in aid of enforcing the Sale Approval Order. Schum appealed the last of those six orders, the Order Granting the Sixth Motion to Compel, dated January 31, 2007, to the district court (the "Second Appeal").[5]

The district court dismissed the Second Appeal on November 30, 2007 (the "Dismissal Order"), holding that it was moot under 11 U.S.C. § 363(m) because there was no stay of the Sale Approval Order and the sale at issue had already been consummated to a good-faith purchaser. Schum timely filed separate motions for reconsideration of the Dismissal Order and to supplement the record

---

[4] Schum also attempted to challenge Zwirn's status as a "good-faith" purchaser for the first time on appeal. We would not consider the argument because it had not been raised in the bankruptcy court. In re The Watch Ltd., 257 F. App'x. at 750-51.

[5] Schum attempted to appeal other orders issued more than ten days before the notice of appeal to the district court. The district court lacked jurisdiction over, and thus did not address, those appeals. See Fed. R. Bankr. P. 8002(a).

on appeal.[6] Schum sought reconsideration of the Dismissal Order based on a statement in the Dismissal Order that Schum did not seek a stay, arguing that he did seek a stay of the sale. On January 3, 2008, the district court entered an order denying both of these motions (the "Reconsideration Order"). The district court explained that granting the motions would not alter the outcome of the case because although Schum sought a stay of the Sale Approval Order, he did not obtain a stay, and the sale had already taken place. Schum now appeals the Reconsideration Order.

## II. DISCUSSION

Zwirn argues that the appeal is moot because there is no relief that this Court can grant that would change the outcome of the proceedings. Zwirn further argues that because this Court already dismissed the appeal of the Sale Approval Order as moot, this appeal of the Reconsideration Order, related to orders issued in aid of the Sale Approval order, is a fortiori moot. It is not clear what Schum argues on appeal because he devotes most of the briefing to issues that were not part of the district court's Reconsideration Order and are not before this Court, primarily that Zwirn is not a "good faith" purchaser. Schum also appears to agree that either the Second Appeal or the appeal from the Reconsideration Order is moot because the application for the stay pending appeal was denied.[7]

---

[6] Schum sought to supplement the record with the information that he had sought a stay of the Sale Approval Order, although he did not obtain such stay.

[7] Schum also argues that the bankruptcy court cut off the right to review by denying the stay pending appeal. This is the at times harsh effect of denying a stay pending appeal, but this is the balance that Congress has struck between the rights of debtors and creditors. See In re Sullivan Central Plaza, I, Ltd., 914 F.2d 731, 736 (5th Cir. 1990) (Congress could have created a remedy such as an automatic stay pending appeal but has chosen not to).

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). An appeal is properly dismissed as moot when an appellate court lacks the power to provide an effective remedy for an appellant, even if the court were to find in the appellant's favor on the merits. In re Sullivan Century Plaza, I, Ltd., 914 F.2d 731, 735 (5th Cir. 1990).

Deciding Schum's appeal of the Reconsideration Order would be plainly advisory because there is no remedy available. Schum's briefs do not identify relief that this Court might provide. Schum requests no relief specific to the Reconsideration Order purportedly being appealed. Instead, he requests that we remand the entire case to the bankruptcy court for the purpose of litigating Zwirn's status as a "good-faith" purchaser. Our disposition of the Reconsideration Order can do nothing of the sort. See In re The Watch Ltd., 257 F. App'x. at 750 (refusing to consider Schum's argument regarding Zwirn's "good-faith" purchaser status); In re The Ginther Trusts, 238 F.3d 686, 688-89 (5th Cir. 2001) (challenge to whether the purchaser was a "good-faith" purchaser may not be raised for the first time on appeal); 11 U.S.C. § 363(m).

We have already dismissed a prior appeal of the Sale Approval Order as moot, and the present appeal is nothing but a repackaged attack on the Sale Approval Order by way of an appeal of the Reconsideration Order.[8] Were the court to reverse the Reconsideration Order, and the district court to allow Schum

---

[8] In addition to apparently conceding that this appeal is moot, Schum's brief discusses the alleged foreign ownership of Zwirn, accounting irregularities at Zwirn, and other purported evidence outside of the record on appeal that Zwirn was not a good-faith purchaser of the debtor's assets. Because these issues are unrelated to the Reconsideration Order, we need not address these arguments. Zwirn's status as a "good faith" purchaser was decided by the bankruptcy court and was not appealed. That issue is not before this Court any more than it was in the prior appeal in this case. See In re The Watch Ltd., 257 F. Appx. at 751.

to supplement the record on appeal and then reconsider the Second Appeal, none of these further events would change the fact that, as has been stated ad naseum in the proceedings, there was no stay of the Sale Approval Order and the sale of assets has been consummated. Schum cannot undo that fact by refusing to sign documents and appealing orders issued in aid of the Sale Approval Order.[9] If this Court has already determined that an appeal of the Sale Approval Order is moot, then an appeal of the motion to reconsider an order in aid of executing that sale, where there is no relief that this Court may grant appellants, is also moot.

## III. CONCLUSION

For the foregoing reasons, this appeal is DISMISSED.

---

[9] The Court notes that it is over two and a half years since the bankruptcy court signed the Sale Approval Order and over a year and a half since the court signed the Order Granting Sixth Motion to Compel David Schum to Sign Sale Documents as Required by the Sale Approval Order of This Court. "If deference were not paid to the policy of speedy and final bankruptcy sales, potential buyers would not even consider purchasing any bankrupt's property. As a result, the bankrupt's creditors would be the ones most injured thereby. The public has a keen interest in protecting such creditors. Otherwise, financing might become a thing of the past." In re Bleaufontaine, Inc., 634 F.2d 1383, 1389 n.10 (5th Cir. 1981).