# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 18, 2013

Lyle W. Cayce
Clerk

No. 12-50297

In the Matter of:  ESCARENT ENTITIES, L.P.,

Debtor

_____

LEWIS MILLER SMYTH; L.M. SMYTH ENTERPRISES, LIMITED,

Appellants,

v.

SIMEON LAND DEVELOPMENT, L.L.C.; EDMUND A. WEINHEIMER, JR.; JOHN J. SCHMERMUND,

Appellees

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-524

_____

Before DeMOSS, OWEN, and HAYNES, Circuit Judges.[1]

_____

[1] Haynes, Circuit Judge, concurring in judgment only.

No. 12-50297

PER CURIAM:[**]

Appellant Lewis Miller Smyth challenges the bankruptcy court's and district court's findings that certain state law claims alleged against Appellees Edmund Weinheimer and John Scmermund were part of the bankruptcy estate. Smyth further alleges error in the sale of those claims to a third party. For the following reasons, we affirm the district court's dismissal of the bankruptcy appeal.

## I.

Appellant Lewis Miller Smyth is a limited partner in Escarent Entities, L.P. (Escarent), the Debtor in the bankruptcy action. Appellees Edmund Weinheimer and John Schmermund (collectively "Appellees") are also limited partners in Escarent. Appellee Simeon Land Development, L.L.C. (Simeon) is the general partner in Escarent. Simeon is managed by the limited partners of Escarent. Escarent was created solely to buy and sell a 495-acre property in Hays County, Texas. Escarent entered into a contract with Quantum Diversified Holdings (Quantum), wherein Quantum agreed to purchase the property for $7.5 million. Closing was set for January 12, 2009. Seven days before closing, Escarent filed for Chapter 11 bankruptcy. Smyth opposed Escarent's bankruptcy filing, alleging that Appellees were attempting to avoid the contract with Quantum because they had received a better offer for the property. Appellees asserted that Escarent had to file for bankruptcy to prevent foreclosure by a third party who had a lien on the property.

On March 12, 2009, Smyth filed suit in Texas state court, alleging that Appellees breached their fiduciary duty by filing bankruptcy to prevent execution of the sale contract with Quantum. Smyth asserted claims of negligence, tortious interference with contract, breach of contract, conspiracy,

---

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

No. 12-50297

and breach of fiduciary duty, causing injury "to the Partnership and [Smyth's interest therein]." On July 1, 2010, Appellees removed Smyth's state court action to the bankruptcy court (Smyth Adversary). Smyth sought a remand to the state court, asserting that the claims raised in the state court action were his individual claims. Appellees argued that the harm alleged in Smyth's claims was derivative of the harm suffered by the partnership and the claims belonged to the bankruptcy estate. The bankruptcy court denied Smyth's motion to remand, finding that the claims "appear[ed] to be property of the estate."

Escarent moved to intervene in the Smyth Adversary and asserted that any causes of action relating to a breach of fiduciary duty by a general or limited partner belonged to Escarent as debtor. The bankruptcy granted Escarent's motion to intervene. In the same order, the bankruptcy court granted Smyth's motion to be appointed representative of the estate in order to prosecute Escarent's claims against Appellees on behalf of the estate. Smyth did not take any action in pursuing the claims. Smyth then filed a motion to convert Escarent's bankruptcy to a Chapter 7 proceeding and to appoint a Trustee. The motion was granted. The Trustee subsequently filed a motion to sell the estate's interest in all potential causes of action. Smyth did not object to the Trustee's motion, and did not seek a stay of the sale. The bankruptcy court granted the Trustee's motion, authorizing sale of the estate's claims:

> [The Purchasers] shall have the authority to immediately take whatever action is necessary to prosecute and/or defend the Smyth assets in the Smyth [A]dversary, including but not limited to the right to prosecute, act, and dismiss with prejudice any and all claims pending against Defendants Weinheimer, Schmermund, or Simeon Land Development LLC.

On November 15, 2010, affiliates of the Appellees (Purchasers) purchased the estate's interest in the relevant causes of action for $70,000. Smyth did not

3

No. 12-50297

participate in the sale. The Purchasers subsequently filed a motion to dismiss all claims asserted against Weinheimer, Schmermund, or Simeon. In response, Smyth filed an amended motion to remand to the state court the state law claims originally asserted against Appellees. The bankruptcy court dismissed the motion as moot in light of the sale of those claims. The bankruptcy court then granted Purchaser's motion to dismiss the claims:

> Plaintiffs, Miller Smyth and L.M. Smyth Enterprises Ltd., asserted claims against Defendants that derive from damages allegedly suffered by Escarent. Any right to recover for those damages was purchased by the Purchasers and may be dismissed with prejudice pursuant to the sale order.

Smyth appealed to the district court. The district court found that the claims originating from Smyth's state court action were derivative of the estate's claims against Appellees. The district court further found that the Bankruptcy Code prevented the court from modifying the sale of those claims and dismissed the appeal as moot. Smyth timely appealed to this court.

## II.

When cases originate in bankruptcy, this court "perform[s] the same function as did the district court: Fact findings of the bankruptcy court are reviewed under a clearly erroneous standard and issues of law are reviewed *de novo*." *Nationwide Mut. Ins. Co. v. Berryman Prods., Inc., (In re Berryman Prods., Inc.)*, 159 F.3d 941, 943 (5th Cir. 1998).

Bankruptcy Code §363(m) prevents this court from reversing or modifying a sale order unless the party challenging the sale order sought a stay of that order pending appeal.

> The reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased

4

> such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). "Section 363 (m) patently protects, from later modification on appeal, an authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal." *Gilchrist v. Westcott (In re Gilchrist)*, 891 F.2d 559, 560 (5th Cir. 1990). Failure to obtain a stay renders moot a subsequent appeal of that order.[1] *Id.* at 560-61; *see also Hytken v. Williams (In re Beach Development LP)*, 2008 WL 2325647, at *1-2 (5th Cir. June 6, 2008); *Schum v. Zwirn Special Opportunities Fund LP (In re The Watch Ltd.)*, 257 F. App'x 748, 750 (5th Cir. 2007); *Bleaufontaine, Inc. v. Roland Int'l (In re Bleaufontaine, Inc.)*, 634 F.2d 1383, 1389-90 (5th Cir. Unit B 1981).

Although framed as a challenge to the dismissal order, the remedy Smyth seeks from this court a reversal of the sale order.[2] Smyth asserts that his state law claims are individual and not part of the bankruptcy estate, thus the bankruptcy court did not have jurisdiction over his state law claims, and he was not obligated to take any action to protect those claims from being sold. This argument ignores the bankruptcy court's finding that Smyth's state law claims belonged to the estate. When the state law claims were originally removed to the bankruptcy court, Smyth sought a remand, which the bankruptcy court denied because the claims "appeared to be derivative of the estate." As such, Smyth should have been aware that the bankruptcy court intended to sell Smyth's state

---

[1] Smyth does not challenge whether Purchasers purchased the claims in good faith.

[2] Smyth arguably does not have standing to challenge the dismissal order. The bankruptcy court denied Smyth's motion to remand the state law claims on the grounds that they were derivative of the estate. Those claims were included in the sale of claims to the Purchasers, a sale unchallenged by Smyth. Once the Purchasers sought to enforce the sale order, the Purchasers and the estate were the only parties with a legal interest in the claims.

law claims as part of the bankruptcy estate and Smyth was obligated to seek a stay of the sale pending appeal.

Smyth further argues that a challenge to the bankruptcy court's jurisdiction may be raised at any time. This argument fails. When an appeal is moot because an appellant has failed to obtain a stay, this court cannot reach the question of whether the bankruptcy court had jurisdiction to sell the claims. *In re Gilchrist*, 891 F.2d at 561 (citing *In re Sax*, 796 F.2d 994, 998 (7th Cir. 1986) (finding that a challenge to the bankruptcy court's jurisdiction was forfeited when plaintiff failed to obtain a stay)); *see also Ginther v. Ginther Trusts (In re Ginther Trusts)*, 238 F.3d 686, 689 (5th Cir. 2001) ("[A] failure to obtain a stay is fatal to a challenge of a bankruptcy court's authorization of the sale of the property, notwithstanding any questions as to that court's jurisdiction."). "Despite the maxim that subject matter jurisdiction can be raised at any time, valid procedural rules cannot be ignored just because the jurisdictional decision is being challenged rather than the decision on the merits." *In re Gilchrist*, 891 F.2d at 561 (quoting *In re Sax*, 796 F.2d at 998 (quotation marks omitted)).

This court cannot modify or reverse the sale order because Smyth did not seek a stay of the sale order pending appeal. The district court properly dismissed Smyth's bankruptcy appeal as moot. *In re Gilchrist*, 891 F.2d at 560. The district court's order is AFFIRMED.