# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10120

In the Matter of: ONDOVA LIMITED COMPANY,

Debtor

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

---------------------------

PETFINDERS, L.L.C.,

Appellant

v.

CHAPTER 11 TRUSTEE DANIEL J. SHERMAN,

Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-387

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10120

This appeal arises from the bankruptcy case styled *Matter of Ondova Limited Company*.[1] Petfinders, LLC, appeals a district court order dismissing as moot its appeal from a bankruptcy court order authorizing the Trustee to sell the domain name <petfinders.com>, an asset of the estate. We adopt the analysis of the district court[2] and, concluding that the appeal to the district court was indeed moot, we affirm the judgment of dismissal.

I.

On October 7, 2011, the Trustee requested authority to sell the domain name <petfinders.com> pursuant to 11 U.S.C. § 363(b).[3] The bankruptcy court scheduled a hearing for November 9, 2011. On November 7, two days before the section 363 hearing, Petfinders, LLC, filed an objection challenging the proposed sale price and alleged that <petfinders.com> was not the property of the estate but was instead owned by another entity, Novo Point, LLC, which had assigned its rights and interest in <petfinders.com> to Petfinders.

Following the November 9 hearing, the bankruptcy court granted the Trustee's motion, authorized the sale of <petfinders.com> to Discovery Communications, LLC, for $25,000, and issued an order to that effect. Regarding the arguments advanced on behalf of Petfinders, the bankruptcy court found and concluded as follows:

> The Court heard substantial evidence establishing that the Domain Name is clearly property of the Estate. One party asserting that the Domain Name was its property, Petfinders, LLC, offered no evidence whatsoever to support its position. The Court further heard convincing evidence that Discovery holds numerous trademark registrations on the word "petfinder" and

---

[1] Case No. 09-34784-sgj-11 (Bankr. N.D. Tex.).

[2] *See* R.1828-30 (Order Granting Appellee's Motion to Dismiss Appeal Based on Mootness).

[3] Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate," subject to exceptions and conditions not at issue here.

## No. 13-10120

that any use or sale by the Trustee of the Domain Name could lead to claims by Discovery of trademark infringement. Accordingly, the Domain Name is property of the Estate, and the sale of the Domain Name for $25,000.00 is an exercise of the Trustee's sound business judgment and is in the Estate's best interest under the circumstances.

The Court also heard convincing evidence that the proposed sale was negotiated in good-faith and at arms-length and that Discovery is a third-party purchaser with no affiliations with the Debtor, the Estate or the Trustee and, accordingly, Discovery is entitled to the protections afforded to it as a good-faith purchaser under section 363(m) of the Bankruptcy Code.[4]

The bankruptcy court also ordered that the statutory 14-day stay provided for in Bankruptcy Rule 6004(h) did not apply and that the sale order was effective immediately.

Novo Point filed an emergency motion to stay the sale order in this court. On November 15, 2011, we temporarily stayed the sale "until further order of this court."[5] Novo Point's emergency motion was based on its assertion of ownership of <petfinders.com> and its challenge to the authorized sale price for <petfinders.com>.[6] On December 2, 2011, after considering Novo Point's emergency motion to stay, the response, and the reply, we vacated the temporary stay and denied Novo Point's emergency motion.[7] There has not been a stay of the sale order since the termination of our temporary stay.

This court's temporary stay having been lifted, the Trustee sold <petfinders.com> to Discovery Communications, LLC, consistent with the terms authorized in the sale order.

---

[4] R.28.

[5] Doc. 350 (Case No. 10-11202) (Nov. 15, 2011, Order).

[6] *See* Motion Filed on Behalf of Party for Stay Pending Appeal, Nov. 4, 2011, at 11-13 (Documents, Case No. 10-11202)

[7] Doc. 368 (Case No. 10-11202) (Dec. 2, 2011, Order).

No. 13-10120

Meanwhile, Petfinders and Novo Point appealed the sale order to the district court. There, the appellants challenged the sale order on grounds that <petfinders.com> was not the property of the estate and argued, for the first time, that the evidence did not support the bankruptcy court's conclusion that Discovery was a "good faith purchaser" under 11 U.S.C. § 363(m). The district court dismissed the appeal as moot as to both appellants, concluding that section 363(m) removed its ability to provide an effective remedy in a sale to a good faith purchaser and that the appellants had waived any challenge to Discovery's good-faith status by failing to raise such challenge before the bankruptcy court.[8]

Petfinders, LLC, appeals.

## II.

The plain language of section 363(m) prevents an appellate court from granting effective relief in cases challenging bankruptcy court orders authorizing the sale of property of the estate to a good-faith purchaser, "whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale . . . were stayed pending appeal."[9] We have interpreted section 363(m) to "patently protect[ ], from later modification on appeal, an authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal."[10] We have indicated that a challenge to the

---

[8] R.1828-30.

[9] 11 U.S.C. § 363(m).

[10] *In re Gilchrist*, 891 F.2d 559, 560 (5th Cir. 1990); *see In re Energytec, Inc.*, 739 F.3d 215, 218-19 (5th Cir. 2013) ("The section codifies Congress's strong preference for finality and efficiency in the bankruptcy context, particularly where third parties are involved. By providing good faith purchasers with a final order and removing the risks of endless litigation over ownership, [s]ection 363(m) allows bidders to offer fair value for estate property, which greatly benefits both the debtor and its creditors.") (internal quotation marks and citations omitted); *see also In re Steffen*, 552 F. App'x 946, 949 (11th Cir. 2014) (per curiam) ("There is no exception to this rule where the [objecting party] sought a stay pending appeal but was denied.").

No. 13-10120

purchaser's good-faith status itself is not mooted by sale if timely raised,[11] but "such a challenge may not be raised for the first time on appeal to the district court."[12] "It is well established that we do not consider arguments or claims not presented to the bankruptcy court."[13]

Petfinders did not challenge Discovery's good-faith status before the bankruptcy court.[14] The bankruptcy court found and concluded that Discovery was a good-faith purchaser under section 363(m). Although Novo Point sought a stay of the sale from this court, it failed to obtain one. The sale to Discovery was subsequently consummated consistent with the terms of the sale order. The district court correctly concluded that this appeal is moot under section 363(m).

### III.

As a final matter, the Trustee filed a motion to dismiss this appeal on grounds that Petfinders has failed to demonstrate that it has a claim or interest to the <petfinders.com> domain name. As we determine that the district court was correct in its order of dismissal, we DENY as MOOT the Trustee's motion to dismiss and AFFIRM the district court judgment.

---

[11] *See In re O'Dwyer*, No. 14-30917, 2015 WL 2407666, at *4 (5th Cir. May 21, 2015) ("We . . . 'have no jurisdiction to review an unstayed sale order once the sale occurs, except on the limited issue of whether the sale was made to a good faith purchaser.'") (quoting *In re Gucci*, 105 F.3d 837, 838 (2d Cir. 1997)).

[12] *In re The Watch Ltd.*, 257 F. App'x 748, 750 (5th Cir. 2007).

[13] *Gilchrist*, 891 F.2d at 61 (citation omitted).

[14] *See* Bankr. Doc. 676, Case No. 09-34784-sgj-11 (Bankr. N.D. Tex.) (Petfinders LLC's Objection to Trustee's Motion for Authority to Sell Property of the Estate).