**David Alan SCHUM, Petitioner**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

Nos. 14–1026, 14–1027.

United States Court of Appeals, District of Columbia Circuit.

Sept. 18, 2015.

Rehearing En Banc Denied Nov. 9, 2015.

David Alan Schum, Dallas, TX, pro se.

Pamela Louise Smith, Jacob M. Lewis, Richard Kiser Welch, Federal Communications Commission Office of General Counsel, Washington, DC, for Respondents.

Before: SRINIVASAN, Circuit Judge, and SILBERMAN and SENTELLE, Senior Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the Federal Communications Commission and on the briefs filed by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review and appeal be dismissed for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.

## MEMORANDUM

This case involves Schum's challenge to an FCC order approving the transfer of a radio license from one of his companies to Bernard. That transfer took place in the context of a judgment against Schum personally in Texas state court and subsequent bankruptcy proceedings.

Schum appears to allege three distinct injuries in order to establish standing. It is important to keep in mind that Schum is the sole owner of DFW Radio, Inc., which is the general partner of The Watch, Ltd. Schum first claims that the approval of the transfer terminated certain fees due, under the terms of the bankruptcy proceedings and during the pendency of the transfer, from Bernard to The Watch. Those fees had been, in large part, redirected to DFW, and formed the sole source of Schum's income. Second, Schum alleges that the entry of a personal judgment against him, as guarantor of a $3.5 million loan, in Texas state court resulted in the loss of two job opportunities. Finally, he asserts that the valuation of The Watch, Ltd. has fallen drastically, and that he personally has sustained over 50% of the loss. *See* Pet. Br. at 31–35. Each of these asserted injuries fails on at least one of the conventional standing requirements of injury in fact, traceability, and redressability. *See generally Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Schum cannot show injury in fact regarding either the loss of fees or the decline in the value of The Watch. Those injuries are not personal, but merely derivative of harm suffered by the company. The well-established shareholder standing rule therefore bars recovery. Though he is the sole shareholder of DFW, which in turn owns a substantial share of The Watch, Schum offers no basis to invoke those narrow exceptions to the rule by which individual action is available. Schum's loss of job opportunities, on the other hand, may arguably represent an injury in fact. As guarantor of the loan upon which the Texas state court judgment was based, he was held personally liable in a manner he claims diminished his employment prospects. But even that claim fails on the next two standing requirements of traceability and redressability.

With respect to traceability, the loss of employment opportunities, as well as the diminution in the value of The Watch, were caused by the associated bankruptcy proceedings, not the FCC's approval of the transfer of the radio license. The FCC order was merely an ancillary agency action that helped to effectuate the bankruptcy and state court proceedings in Texas. There is perhaps a colorable argument that the loss of fees was traceable to the FCC's order, at least in so far as those fees were to continue until the transfer was completed and Bernard took complete control of the license. But, as discussed above, that is not an injury in fact.

Finally, none of Schum's purported injuries satisfy the third requirement of standing: likelihood that a favorable decision by this court will offer redress. Schum proffers a number of possible consequences were this court to reverse the FCC order, including a reversion of the license back to The Watch, a retroactive payment of lost fees, the setting aside of the Texas court judgment, and a restoration of the value of his companies. And yet these are all high-

ly speculative. In particular, it is not evident why the bankruptcy court would not, upon denial of the transfer, simply put the license up for auction again. Nor is it evident that denial of the transfer would restore the value of The Watch. Least clear is why denial of a license would prompt the Texas state court to set aside its own judgment against Schum personally.

Because Schum's asserted injuries fail to satisfy the requirements of standing, this case is dismissed.