# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2016

Lyle W. Cayce
Clerk

No. 15-40248

MELVIN HUDNALL, Heir and Beneficiary of the Hamp Williams Living Trust,

      Plaintiff - Appellant

v.

JIM PAYNE, President of the First Bank and Trust, et al; ALFRED C. GLASSELL, III, Glassell Producing Oil Lessee an Individual; RALPH EDWIN ALLEN, an Individual,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:14-CV-133

Before JONES, WIENER, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    Plaintiff-Appellant Melvin Hudnall, proceeding pro se, filed a complaint in the Northern District of California seeking to recover millions of dollars, alleging that he is a beneficiary of the "Hamp Williams Trust."[1] Hudnall, a

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [1] Hudnall alleges that approximately 100 years ago his great grandfather, Hamp Williams, placed land in East Texas in a trust for the benefit of his family.

No. 15-40248

California resident, relevantly named Jim Payne, Alfred C. Glassell, III, and Ralph E. Allen, all Texas residents, as defendants. Each defendant filed a motion to dismiss for lack of personal jurisdiction. The court granted the motions and also requested briefing from the parties on the proper venue for the suit in Texas. Thereafter, the court transferred this lawsuit to the U.S. District Court for the Eastern District of Texas.

After the transfer, Peggy Hudnall Colvin and Ronnie C. Hudnall (the "Interveners")—both relatives of Hudnall and residents of Texas—moved to intervene as plaintiffs. They claimed to also be beneficiaries of the Hamp Williams Trust and complained that Hudnall did not adequately represent their interests. The district court granted their motions to intervene. The district court also ordered the parties to brief whether Hudnall's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(7) for failure to join the Interveners as necessary and indispensable parties under Rule 19.

Defendants again filed a motion to dismiss, after which the Interveners moved to withdraw their earlier motions to intervene. The magistrate judge recommended dismissal of Hudnall's suit for lack of subject matter jurisdiction. The magistrate judge concluded that the Interveners are indispensable parties under Federal Rule of Civil Procedure 19(b). Because the Interveners, as Texas residents, had destroyed complete diversity of the parties—the only basis for that court's subject matter jurisdiction—the magistrate judge recommended dismissal of the action.

On the same day that the magistrate judge issued the Report and Recommendations, Defendants filed a motion to stay discovery pending the resolution of any objections to the magistrate judge's decision. Two days later, the magistrate judge granted Defendants' motion and stayed the proceedings

2

for 60 days. Hudnall never filed any objections to the magistrate judge's Report and Recommendations.

The district court adopted the Report and Recommendations and dismissed the case with prejudice for lack of subject matter jurisdiction but without prejudice to Hudnall's re-filing in the appropriate state court. Hudnall filed a motion for reconsideration, which the district court construed as a motion for relief from an earlier judgment under Federal Rule of Civil Procedure 60(b). Hudnall raised no substantive challenge to the magistrate judge's Report and Recommendations, but instead challenged the magistrate judge's grant of the Defendants' motion to stay. The court denied that motion and this appeal followed.

On appeal, Hudnall challenges only the magistrate judge's grant of the Defendants' motion to stay the proceedings. Hudnall contends that the stay prejudiced him and urges us to reverse and remand to allow him to engage in further discovery. He does not challenge the district court's holding that it lacks subject matter jurisdiction. Hudnall is thus seeking to continue discovery in the district court despite that court's lack of jurisdiction.

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. In the absence of its being raised by a party, this court is obliged to raise the subject of mootness *sua sponte*."[2] "An appeal is properly dismissed as moot when an appellate court lacks the power to provide an effective remedy for an appellant, even if the court were to find in the appellant's favor on the merits."[3] Here, whether the magistrate judge erred in granting Defendants' motion to stay has

---

[2] *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

[3] *In re Watch Ltd.*, 295 F. App'x 647, 650 (5th Cir. 2008) (unpublished) (citing *In re Sullivan Century Plaza, I, Ltd.*, 914 F.2d 731, 735 (5th Cir. 1990)).

No. 15-40248

no bearing on the district court's holding that it lacks jurisdiction over this matter or on its resulting dismissal. Even if we were to find error, there is no remedy available because the district court lacks jurisdiction.

For these reasons, this appeal is moot. We therefore dismiss Hudnall's appeal.

APPEAL DISMISSED.