# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 20-10016
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2020

Lyle W. Cayce
Clerk

In the Matter of:  RENAISSANCE RADIO, INCORPORATED,

> Debtor

DAVID ALAN SCHUM,

> Appellant

v.

FORTRESS VALUE RECOVERY FUND I, L.L.C.; SCHULTE ROTH &
ZABEL, L.L.P.; LAWRENCE S. GOLDBERG; DANIEL BERNARD ZWIRN;
PERRY GRUSS; HIGHBRIDGE/ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P.; BERNARD NATIONAL LOAN INVESTORS, LIMITED,

> Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-978

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Pro se appellant David Schum appeals the district court's order affirming

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-10016

the judgment of the bankruptcy court and enjoining him from future filings as a vexatious litigant. We affirm.

This case arises from a series of bankruptcies. Appellant was a stockholder of Renaissance Radio, Inc. (RRI), a company that held several radio stations and related licenses. RRI entered bankruptcy proceedings, which resulted in its assets' being transferred to The Watch, Ltd. and DFW Radio License, LLC (Watch). Watch then filed for bankruptcy, and its assets were purchased by Highbridge/Zwirn Special Opportunities Fund, L.P. (Zwirn). Zwirn was renamed Fortress Value Recovery Fund I LLC (Fortress), which is the appellee in this action.

On December 28, 2018, Schum filed a motion in bankruptcy court to reopen the RRI bankruptcy proceedings due to alleged fraud, bad faith, and fraud on the court. The bankruptcy court denied the motion as untimely and found no basis for reopening the proceedings. Schum appealed to the district court, which found no error in the bankruptcy court's decision and enjoined further filings in this matter. Schum now argues that the lower courts incorrectly characterized his claim as time-barred, incorrectly held that a lender's domicile was immaterial to the bankruptcy proceedings, and violated his rights by enjoining him from further filings as a vexatious litigant. He also argues that the bankruptcy court suffered from a conflict of interest because the bankruptcy judge's clerk was formerly employed by appellee's counsel's firm.

We review the district court's denial of relief, as well as its grant of the injunction, for abuse of discretion. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005); *Matter of Case*, 937 F.2d 1014, 1018 (5th Cir. 1991); *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). The court's ruling that there was no conflict of interest is also reviewed for an abuse of discretion. *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003).

2

No. 20-10016

The district court properly affirmed the bankruptcy court's ruling that Schum's motion was time-barred under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60. Although styled as a motion to reopen, the relief that Schum seeks requires a revocation of the RRI confirmation order. Rule 9024 also provides that "a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144." This provision requires a party to move for revocation of a reorganization plan within 180 days. 11 U.S.C. § 1144. Schum also requests relief under Rule 60(b) and (d). Rule 60(c) requires that a motion to reconsider be made "within a reasonable time." Fed. R. Civ. P. 60(c). Schum waited far beyond these deadlines to file the instant action, and he provides no justification for his delay. Schum alleges that he discovered the information giving rise to his claims in 2012, at least six years before he filed his motion in bankruptcy court. This precludes relief under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b) and (d).

Schum's other claims are similarly meritless. He has not shown cause to reopen the bankruptcy proceeding over a decade after its conclusion under 11 U.S.C. §§ 350(b) or 502(j). And Schum argues that the bankruptcy court suffered from a conflict of interest, but the clerk who was formerly employed by the firm representing the appellee was recused from his case and played no part in the court's decision. Finally, we find no error in the district court's decision to enjoin Schum from further filings relating to the Watch or RRI bankruptcies. This ruling is supported by Schum's long history of repetitive and frivolous filings pertaining to this matter in this and other federal courts. *See, e.g.*, *Schum v. F.C.C.*, 617 F. App'x 5 (D.C. Cir. 2015), *cert. denied*, 136 S. Ct. 1672; *In re Watch Ltd.*, 295 F. App'x 647 (5th Cir. 2008); *In re Watch Ltd.*, 257 F. App'x 748 (5th Cir. 2007).

For these reasons, we AFFIRM the judgment of the district court.

3