# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60368

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2019

Lyle W. Cayce
Clerk

In the Matter of: VCR I, L.L.C.

> Debtor

GLUCKSTADT HOLDINGS, L.L.C.,

> Appellant

v.

VCR I, L.L.C.,

> Appellee

———————

Appeal from the United States District Court
for the Southern District of Mississippi

———————

Before STEWART, Chief Judge, and DAVIS and ELROD, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Gluckstadt Holdings, L.L.C. ("Gluckstadt") appeals the district court's judgment affirming the bankruptcy court's decision to grant the Chapter 7 Trustee's motion to approve auction and for authority to sell certain real property of the bankruptcy estate of VCR I, L.L.C. ("VCR"). The Trustee has filed a motion to dismiss the appeal as moot. For the reasons set forth below, we DENY the Trustee's motion to dismiss and AFFIRM the district court's judgment.

No. 18-60368

## I. Background

On June 21, 2012, VCR filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code.  The bankruptcy court later converted the case to a Chapter 7 bankruptcy proceeding and appointed a Trustee.  On November 4, 2016, the Trustee filed a motion to approve auction and for authority to sell certain real property of the bankruptcy estate, free and clear of liens, interest, encumbrances, and claims ("Motion"), pursuant to 11 U.S.C. § 363 of the Bankruptcy Code.[1]  In the Motion, the Trustee requested authority from the bankruptcy court to conduct a public auction for the sale of four tracts of land located in Madison County, Mississippi.

With respect to the fourth tract, the Trustee acknowledged that, while the case was pending as a Chapter 11 proceeding, Gluckstadt and the Debtor (VCR) entered into an "Agreed Order" in which the Debtor agreed to sell the fourth tract of land to Gluckstadt for $612,500.00.  Although the Order provided that the Debtor "shall file and notice a motion for authority to sell the real property, free and clear of all liens, claims and interest, to [Gluckstadt], for $612,500.00, as soon as possible," the Trustee explained that no motion for authority to sell the fourth tract to Gluckstadt had ever been filed and that he had not supported Gluckstadt's proposed purchase of the property "without an open bid process."  The Trustee stated that "[t]he opening bid for Tract No. 4 shall be for $612,500.00 to Gluckstadt," but that he was "under no obligation to sell to [Gluckstadt] unless the Opening Bid of [Gluckstadt] [was] the highest and best bid."  The Trustee requested authority to sell the property to the

---

[1] Section 363 of the Bankruptcy Code permits a trustee to sell property of the estate "other than in the ordinary course of business," "after notice and a hearing."  11 U.S.C. § 363(b).  Property may be sold "free and clear of any interest in such property of an entity other than the estate, only if" certain factors are met.  *Id.* § 363(f).

2

highest bidder, which sale would be "fair and reasonable" and "in the best interest of the bankruptcy estate."

Gluckstadt objected to the Motion, asserting that the Motion constituted a breach of the Agreed Order. Gluckstadt argued that the Agreed Order constituted a settlement agreement that was "fair and equitable to the Debtor" and bound the Trustee to file a motion for authority to sell the property to Gluckstadt for $612,500.00, subject only to the objection of creditors not participating in the settlement. Gluckstadt contended that the Agreed Order did not contemplate the auction process.

After conducting a trial, the bankruptcy court overruled Gluckstadt's objection and granted the Motion. Gluckstadt timely appealed that decision to the district court, which affirmed the bankruptcy court's judgment. Gluckstadt then timely appealed to this court. We have jurisdiction over this appeal under 28 U.S.C. § 158(d)(1). Gluckstadt's motions for stay of the auction and sale pending appeal were denied by the bankruptcy and district courts, as well as this court.[2]

## II. Standard of Review

This court reviews "the decision of a district court sitting as an appellate court in a bankruptcy case by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the

---

[2] The fourth tract ultimately sold at auction for $2,325,000.00, significantly more than offered by Gluckstadt. After the bankruptcy court confirmed the sale, the Trustee filed a motion to dismiss this appeal as moot under 11 U.S.C. § 363(m). Section 363(m) provides that if an authorization to sell under the statute is reversed or modified on appeal, the validity of the sale is not affected unless a stay pending appeal was obtained or the purchaser was not in good faith. Although Gluckstadt was denied a stay pending appeal, and the purchaser of the fourth tract was found to be in good faith, we determine that this appeal is not moot because Gluckstadt does not seek to invalidate the sale. Rather, Gluckstadt's pending proof of claim with the bankruptcy court seeks damages for breach of the Agreed Order. The issue whether the Trustee's Motion constituted a breach of the Agreed Order was addressed by the bankruptcy court herein. Therefore, the Trustee's motion to dismiss this appeal as moot is DENIED.

No. 18-60368

district court."[3]   "Acting as a second review court," this court reviews a bankruptcy court's legal conclusions de novo and its findings of fact for clear error.[4]

## III. Discussion

Gluckstadt asserts that the Agreed Order constituted a binding settlement agreement with VCR requiring the Trustee, as the successor-in-interest to VCR, to file a motion to sell the fourth tract of land to Gluckstadt for $612,500.00, "subject to objections of creditors not participating in the settlement/agreed order," but not subject to objections of the Trustee. Gluckstadt asserts that the Trustee breached the Agreed Order by requesting authority to conduct a public auction of the property and to sell to the highest and best bidder, and that the bankruptcy court (and district court on appeal) erred in finding otherwise.

As noted by the bankruptcy court, in *In re Moore*, we discussed the rules that apply to the sale of a debtor's property in a bankruptcy proceeding and the trustee's duties with respect to such a sale.[5] Specifically, "[s]ection 363 of the Bankruptcy Code governs the sale, use, or lease of property of the estate, allowing the trustee to sell 'property of the estate,' other than in the ordinary course of business[.]"[6] A sale under § 363 "requires notice and a hearing and is subject to court approval and must be supported by an articulated business justification, good business judgment, or sound business reasons."[7] "A trustee has a duty to maximize the value of the estate," and he "must demonstrate that the proposed sale price is the highest and best offer, though a bankruptcy court may accept a lower bid in the presence of sound business reasons, such as

---

[3] *Viegelahn v. Lopez* (*In re Lopez*), 897 F.3d 663, 668 (5th Cir. 2018).

[4] *Id.* (citations omitted).

[5] *The Cadle Co. v. Mims* (*In re Moore*), 608 F.3d 253, 257 (5th Cir. 2010).

[6] *Id.* (citing 11 U.S.C. § 363(b)(1)).

[7] *Id.* at 263 (citation omitted).

substantial doubt that the higher bidder can raise the cash necessary to complete the deal."[8]

In asserting that the Trustee was bound by the Agreed Order to file a motion for approval of a sale to Gluckstadt for $612,500.00, Gluckstadt ignores our decision in *In re Moore*. In that case, we adopted the reasoning of *In re Mickey Thompson*[9] and determined that when a settlement agreement in a bankruptcy proceeding involves the sale of the debtor's property, such agreement triggers the requirements of § 363.[10] Specifically, such sale "requires notice and a hearing and is subject to court approval," and the sale "must be supported by an articulated business justification, good business judgment, or sound business reasons."[11]

Indeed, *In re Mickey Thompson* is applicable here. In that case, the Chapter 7 trustee sought approval of a settlement agreement between the bankruptcy estate and certain parties against whom the estate held potential fraudulent transfer claims.[12] A creditor opposed the compromise, and a third party offered to purchase the claims for an amount higher than the settlement offer.[13] Although the trustee acknowledged that he could obtain a higher price for the claims from other parties, "he still sought approval of the [settlement agreement] because at the time he entered the [a]greement, he believed it was in the estate's best interest."[14] The bankruptcy court granted the trustee's motion to approve the settlement.[15]

---

[8] *Id.* at 263 (citations omitted).

[9] *Goodwin v. Mickey Thompson Entm't Grp., Inc.* (*In re Mickey Thompson*), 292 B.R. 415 (B.A.P. 9th Cir. 2003).

[10] *In re Moore*, 608 F.3d at 264–65.

[11] *Id.* at 263 (citation omitted).

[12] 292 B.R. at 417.

[13] *Id.*

[14] *Id.* at 419.

[15] *Id.*

No. 18-60368

On appeal, the Ninth Circuit Bankruptcy Appellate Panel reversed. It determined that "the settlement [was] in reality a purchase by the Settling Parties of a chose in action of the estate and for which another entity has offered a higher price in circumstances that invite a competitive auction that could yield a considerably higher price."[16] The panel additionally noted that the "Settling Parties were free to bid against the third party overbidder."[17] Furthermore, the panel held that "a trustee's fiduciary duty to maximize the assets of the estate trumps any contractual obligation that a trustee arguably may incur in the course of making an agreement that is not enforceable unless it is approved by the court."[18] The panel further stated:

> Everyone who deals with a bankruptcy trustee in a transaction that is not in the ordinary course of business is charged with knowledge that the law may require court approval and that a trustee has an obligation to present all relevant facts to the court, including whether there is a more attractive solution than that which the trustee has negotiated.[19]

In this matter, as the bankruptcy court noted, the Agreed Order specifically required the Debtor to file and notice a motion *for authority* to sell the property to Gluckstadt for $612,500.00. Thus, any sale required court approval.[20] Furthermore, by requesting authority to conduct an auction of the property, the Trustee was fulfilling his fiduciary duty to maximize the assets of the estate. The Trustee testified that after speaking to several developers in Madison County, he estimated that the fair market value of the land was around $4.00 a square foot; the price Gluckstadt wanted to pay ($612,500.00),

---

[16] *Id.* at 421.

[17] *Id.*

[18] *Id.* (citing *Myers v. Martin* (*In re Martin*)*,* 91 F.3d 389, 395 (3d Cir. 1996)).

[19] *Id.*

[20] During the hearing in which the settlement between VCR and Gluckstadt was reached, the parties acknowledged in open court that court approval of the sale was required.

however, amounted to substantially less, $1.75 a square foot.  As stated in *In re Mickey Thompson*, "a trustee's fiduciary duty to maximize the assets of the estate trumps any contractual obligation that a trustee arguably may incur in the course of making an agreement that is not enforceable unless it is approved by the court."[21]    Therefore, we hold that the bankruptcy court correctly determined that the Trustee fully complied with the Agreed Order.

In sum, Gluckstadt has fallen far short: it does not address our precedent in *In re Moore*, the requirements under § 363(b) for the sale of a debtor's assets outside the ordinary course of business, or the Trustee's fiduciary duty to maximize the assets of the bankruptcy estate.

Based on the foregoing, we AFFIRM the district court's judgment affirming the bankruptcy court's decision granting the Trustee's motion to approve auction and for authority to sell certain real property of the bankruptcy estate of VCR.  We further DENY the Trustee's motion to dismiss the appeal as moot.

AFFIRMED; MOTION TO DISMISS APPEAL AS MOOT DENIED.

---

[21] 292 B.R. at 421 (citing *In re Martin,* 91 F.3d at 395).