# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2020

Lyle W. Cayce
Clerk

No. 19-30403
Summary Calendar

In the Matter of: WILLOW BEND VENTURES, L.L.C.

Debtor

RAOUL A. GALAN, JR., on behalf of Galan Real Estate Company,

Appellant

v.

WILLOW BEND VENTURES, L.L.C.; EDGARD CONSTRUCTION MATERIALS HOLDINGS, L.L.C.; ST. JOHN THE BAPTIST SALES AND USE TAX COLLECTOR,

Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-9540

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Raoul A. Galan, Jr., moves for leave to proceed in forma pauperis (IFP)

from the district court's dismissal of his appeal from a Chapter 11 bankruptcy

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding as moot pursuant to 11 U.S.C. § 363(m) and certification that his appeal was not taken in good faith.

Section 363(m) "limits the ability of appellate courts to review the sale of estate property when the order approving the transaction is not stayed." *Matter of Sneed Shipbuilding, Inc.*, 916 F.3d 405, 410 (5th Cir. 2019). Galan does not contest the district court's determinations that the sale of the debtor's assets was not stayed pending an appeal or that § 363(m) applied in his case, which formed the basis of its certification decision, and he has therefore abandoned this argument on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1983). Galan attempts to raise a claim for economic damages caused by the sale of the debtor's assets, which § 363(m) would not render moot, *see Matter of VCR I, L.L.C.*, 922 F.3d 323, 326 n.2 (5th Cir. 2019), but the bankruptcy court did not consider whether such damages would be warranted, and we will "not consider arguments or claims not presented to the bankruptcy court." *Matter of Gilchrist*, 891 F.2d 559, 561 (5th Cir. 1990).

Because Galan has not demonstrated that his appeal involves "legal points arguable on their merits," the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted); *see Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.